**Jay Jerome HOOD, Appellant–Respondent,**

v.

**G.D.H., b/n/f, Gladys F. ELLIOTT, Appellee–Petitioner.**

No. 67A01–9204–CV–108.

Court of Appeals of Indiana, First District.

Sept. 23, 1992.

James Wm. Phipps, Greencastle, for appellant-respondent.

Linley E. Pearson, Atty. Gen., Daniel E. Morris, Deputy Atty. Gen., Indianapolis, for appellee-petitioner.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Jay Jerome Hood ("Hood") appeals a default judgment finding him to be the father of G.D.H. in a paternity action filed by G.D.H. through his next friend, Gladys F. Elliott ("Elliott"), his mother. We affirm.

## ISSUES

1. Did the prior dissolution decree specifically finding Hood was not the father of G.D.H. serve as a bar under the doctrine of *res judicata* to the paternity action?

2. Was the paternity action barred by the doctrine of laches?

3. Did the trial court act properly in entering a default judgment against Hood when he failed to appear in person and submit to a blood test?

4. Was the trial court correct in determining that the paternity petition as filed met the statutory requirements of IND. CODE § 31–6–6.1 *et seq.* having been brought by G.D.H. through his next friend, Elliott?

## FACTS

Hood and Elliott were married in May 1975. G.D.H. was conceived during the marriage in November, 1979. Hood, however, was not living with Elliott at the time of G.D.H.'s birth. Subsequently, Hood and Elliott's marriage was dissolved in a decree of dissolution dated December 29, 1982. After a hearing at which Elliott failed to appear, the dissolution court specifically

found "[t]hat Respondent [Hood] is not the father of the minor child [G.D.H.]." Record at 16.

On October 16, 1990, G.D.H. by his next friend, Elliott, brought a paternity action against Hood. Hood filed a motion to dismiss or in the alternative for summary judgment. The motion to dismiss was denied by order dated January 10, 1991, holding that as a matter of law the dissolution decree was not *res judicata* on the issue of paternity. The court entered Hood's denial of paternity and ordered Hood, Elliott, and G.D.H. to submit to blood testing. Hood failed to submit to the testing.

On February 6, 1991, the court issued another order requesting Hood, Elliott, and G.D.H. to submit to blood testing. On the same day, the court issued an order staying the paternity proceedings. On February 8, 1991, however, the court reaffirmed its order to appear for blood testing, as a discovery matter, and held that the stay did not apply to previously ordered blood tests and that failure to appear would result in a contempt finding. Hood again failed to report for the scheduled blood testing and was found in contempt on April 8, 1991.

The State of Indiana[1] requested that a default judgment be entered against Hood. A hearing was held on December 4, 1991, at which Hood failed to appear personally. At the hearing Elliott testified that she had sexual intercourse with Hood in November of 1979 and that G.D.H. was born August 25, 1980. The court ordered a default judgment against Hood establishing the paternity of G.D.H. Hood now appeals the default judgment.

## DISCUSSION AND DECISION

### Issue One

■ Hood argues that the doctrine of *res judicata* bars the paternity action establishing him as the father of G.D.H., because the prior cause of action for dissolution of Hood and Elliott's marriage established that he was not the father. Further,

Hood contends that the issue of paternity was specifically raised in the dissolution proceeding and that the same person, G.D.H. by privity, was a party to both the dissolution and paternity proceedings. We disagree.

■ There are two separate branches of *res judicata:* claim preclusion and issue preclusion. *In re Marriage of Moser* (1984), Ind.App., 469 N.E.2d 762, 765. The doctrine of claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same claim between the same parties or those in privity with them. *Id.* Issue preclusion, on the other hand, applies when a particular issue, which was adjudicated in the prior action, is raised in a subsequent suit on a different cause of action. *Id.* at 765–66. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively settled by the judgment in the prior action. *Id.* at 766. However, where issue preclusion applies, the previous judgment is conclusive only regarding those issues actually litigated and determined therein. *Id.*

Here, the paternity and the dissolution proceedings were separate and distinct causes of action; hence, the claim preclusion branch of *res judicata* clearly does not apply. *See id.* at 764–65 (prior dissolution proceeding which issued a decree stating that there were no children born of the marriage was not same cause of action as later paternity proceeding; therefore, application of issue preclusion, not claim preclusion, branch of *res judicata* was necessary to determine if paternity was actually litigated and determined in the dissolution proceeding).

■ Further, Hood acknowledges that G.D.H. was not a party to the dissolution proceeding. Hood, however, argues that we should find that G.D.H. was in privity with his mother, Elliott, and thus bound by the prior decree of the dissolution court as to the question of Hood's paternity. We

---

1. G.D.H. was represented by the prosecuting attorney pursuant to IND.CODE § 31–6–6.1–3. Although the request for default judgment states it is filed by the state, in fact, it was filed on behalf of G.D.H.

cannot. A " 'privy' is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment". *T.R. v. A.W. by Pearson* (1984), Ind.App., 470 N.E.2d 95, 96, *trans. denied.* The precise issue that we must answer here, the preclusive effect of a child-parent determination in a dissolution proceeding, to which the child was not a party, was not an issue in *T.R.;* and therefore, not addressed by the majority opinion. Judge Garrard, however, did address the precise issue in his dissenting opinion. *See T.R.*, 470 N.E.2d at 97–105. As he noted: " '[t]he rule that the child is not bound by a finding of nonpaternity in a divorce case is supported by the weight of authority.' " *Id.* at 101 n. 2 (*quoting, A.B. v. C.D.* (1971), 150 Ind.App. 535, 277 N.E.2d 599, *trans. denied*). Explaining the reasoning of *Ruddock v. Ohls* (1979), 91 Cal.App.3d 271, 154 Cal.Rptr. 87, which discussed this issue, Judge Garrard wrote:

> "The court expressed concern over the likelihood of a full adversary hearing on the paternity issue given the other concerns the mother might have competing with her desire to establish paternity: reticence to having her past personal life subject to scrutiny; guilty feelings about the dissolution; availability of government aid to support the child; desire to keep the child as hers alone; possible concessions from the alleged father on support and property settlement."

*T.R.*, 470 N.E.2d at 101. In finding G.D.H. was not in privity with Elliott, and therefore, not bound by the finding regarding Hood's paternity, we express like concerns regarding Elliott's competing interest in the prior proceeding.

Hood's reliance on the majority opinion in *T.R.* is misplaced. In *T.R.*, a petition to establish paternity was filed by the welfare department after a petition to establish pa-

ternity had already been filed by the mother and fully adjudicated. The court found that the mother had fully represented the child's rights in the prior jury trial. *Id.* at 97. The court when on to caution: "The issue of paternity was not clouded by the possibility of compromise because of the other issues to be decided, as might happen in a dissolution proceeding." *Id.; see also J.E. v. N.W.S. by S.L.S.* (1991), Ind.App., 582 N.E.2d 829, 832, *trans. denied* (second paternity proceeding not barred on the grounds of *res judicata*, unless child was clearly named as a party in the first paternity proceeding). G.D.H. was neither a party nor privy to the prior dissolution proceeding; hence, the trial court did not err in concluding G.D.H. was not barred from bringing this paternity petition.

■ Turning next to the issue preclusion [2] branch of *res judicata*, not only was G.D.H. not a party or in privity to the prior proceeding; but, contrary to Hood's assertion there has been no showing that the paternity issue was in fact fully litigated in the dissolution proceeding. *See P.N.B. by J.L.S. v. J.L.D.* (1988), Ind.App., 531 N.E.2d 1203, 1203, *trans. denied* (no *res judicata* when issue of paternity not fully litigated in prior case). The record before us contains only the final dissolution decree, *see Record* at 16, which shows that Elliott did not even appear at the hearing. The record contains no transcript of the testimony taken, the arguments presented, or evidence offered. Further, Judge Vaughn who presided over both proceedings found that the issue of paternity was not litigated and determined in the dissolution proceeding. In the absence of any record to the contrary, the trial court was correct in determining that the issue of paternity had not been fully litigated in the dissolution proceeding.

**2.** Hood cites both *Fairrow v. Fairrow* (1989), Ind.App., 543 N.E.2d 649, *vacated* (1990), Ind., 559 N.E.2d 597, and *M.R. by Ratliff v. Meltzer* (1986), Ind.App., 487 N.E.2d 836, *trans. denied* in support of his contention that Elliott had an opportunity to litigate the issue of paternity in the dissolution proceeding; hence, issue preclusion bars asserting the issue now. *Fairrow* and *Ratliff* both involved claim preclusion and not

issue preclusion. Contrary to claim preclusion which applies to all matters that were or might have been litigated; issue preclusion requires that matter be *actually litigated and determine therein. See Moser* 469 N.E.2d at 766. Moreover, reliance on *Fairrow* is inappropriate in that the appellate court's decision has been vacated by our supreme court.

### Issue Two

Hood contends that the paternity action is barred by the doctrine of laches since eight years has elapsed between the dissolution and the paternity proceedings. Laches is an implied waiver resulting from knowing acquiescence in the conditions and neglect to assert a right, over an unreasonable period of time resulting in prejudice to the adverse party. *Simon v. City of Auburn, Ind. Board of Zoning Appeals* (1988), Ind.App., 519 N.E.2d 205, 215. A trial court exercises its sound discretion when acting on an equitable defense such as laches. *In re Marriage of Truax* (1988), Ind.App., 522 N.E.2d 402, 407, *trans. denied.* We cannot say as a matter of law G.D.H., a child, was guilty of laches. *See id.* (mother's delay in enforcing support order not attributable to child). Further, IND.CODE § 31–6–6.1–6(b) clearly provides that a child may file a paternity petition at any time before he reaches twenty (20) years of age. There was no abuse of discretion in denying the defense.

### Issue Three

Hood also contends that the trial court erred in entering a default judgment against him when he failed to appear in person and submit to an ordered blood test. We disagree.

Ind.Trial Rule 37 provides for the procedures involved when a party fails to make or cooperate in discovery and delineates the sanctions available to the trial court upon such actions by a party. The rule provides that when a party fails to comply with a discovery order, the trial court may issue an order "dismissing the action or proceeding or any part thereof." Ind. Trial Rule 37(B)(2)(c). Whether to impose a sanction of default for refusal to comply with discovery orders is a matter within the trial court's discretion. *Whitewater Valley Canoe Rental, Inc. v. Franklin City Board of Commissioners* (1987), Ind.App., 507 N.E.2d 1001, 1007, *trans. denied.* Indiana does not require trial courts to impose lesser sanctions before applying the ultimate sanctions of default judgment or dismissal. *Nesses v. Specialty Connectors Co.* (1990), Ind.App., 564 N.E.2d 322, 327.

Here, the trial court ordered Hood to appear for blood testing. Record at 66. Hood failed to appear. Thereafter, the trial court ordered Hood to appear personally to show cause why he should not be held in contempt. Record at 74. Again Hood did not appear. Hood was found in contempt for failing to appear for the blood testing previously ordered and a writ of body attachment was issued. Record at 84. A motion for default judgment was filed. Hood also failed to appear personally at the hearing on the motion, and after taking the matter under advisement the trial court granted default judgment against Hood. Record at 99, 117. Given Hood's failure to comply with discovery, we conclude that the trial court did not abuse its discretion in entering default judgment against Hood.

### Issue Four

Finally, Hood argues that the paternity petition filed by G.D.H. failed to meet the statutory requirements of I.C. § 31–6–6.1 *et seq.* Under the paternity statute, G.D.H. had until he reached the age of twenty to file a paternity petition. *See* I.C. § 31–6–6.1–6(b). G.D.H. was only eleven (11) at the time his petition was filed. Further, the statute specifically authorizes that a person otherwise incompetent may file a petition through his next friend. IND.CODE § 31–6–6.1–2. Here, G.D.H. filed his petition through his next friend, Elliott, his mother. There is no limitation provided in the statute as to who may act as the child's next friend. Hood's contention that Elliott and the State were barred by the applicable statutes of limitation from filing a paternity petition is of no consequence since this petition was filed by G.D.H. *See* Record at 5. There was no error in the filing of G.D.H.'s paternity petition. The trial court did not error in denying Hood's request for either a summary judgment or dismissal.

Affirmed.

BAKER and BARTEAU, JJ., concur.