J.D., Appellant–Respondent Below,

v.

E.W., a Minor Child, by Her Next Friend, C.W., Appellee–Petitioner Below.

No. 64A03–9210–CV–324.

Court of Appeals of Indiana, Third District.

March 16, 1993.

Richard M. Cagen, Valparaiso, for appellant.

Pamela Carter, Atty. Gen., Daniel E. Morris, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

STATON, Judge.

As the next friend of E.W., a minor child, C.W., the child's mother, asserted a paternity action against J.D. in Porter County, Indiana. In J.D's motion for summary judgment, he contended the issue of E.W.'s paternity had been litigated on the merits in Illinois and res judicata precluded the relitigation of the paternity issue here. Through Ind. Appellate Rule 4(B)(6), J.D. appeals the denial of his motion for summary judgment. J.D. presents one issue for our review, which we restate as:

I. Whether a paternity action may be filed and maintained by a natural mother as "next friend" of the child when the mother has fully litigated the paternity issue in her own name in an Illinois court which found no paternity.

We reverse.

On or about March 25, 1986, C.W. gave birth to E.W. On March 30, 1986, C.W., in her individual capacity, filed a complaint in the Circuit Court of Cook County, Illinois.[1] After a bench trial, the court found the "non-paternity of defendant, [J.D.], in relation to minor child, [E.W.]." Record, p. 14. Because of an untimely filing, C.W.'s attempted appeal to the Illinois Appellate Court failed.

On April 18, 1991, through the Deputy Prosecuting Attorney for Porter County, Indiana, C.W., as E.W.'s next friend, filed this action which again alleged J.D. was E.W.'s father. J.D. made a motion for summary judgment based on the Illinois judgment. On September 3, 1992, the trial court denied J.D.'s motion for summary judgment and ordered the parties to undergo blood group testing. On J.D.'s petition, the trial court certified the res judicata question to this court under Ind. Appellate

---

1. Unlike Indiana, Illinois does not consider the child a "necessary party" to a paternity action. *Compare* IND.CODE 31–6–6.1–2(c) (Supp.1992) *with* ILL.ANN.STAT. ch. 40, para. 2507 (Supp. 1992).

Rule 4(B)(6). This court granted the appeal.

## I.

### Res judicata.

■ In its general sense, the term res judicata consists of two separate concepts, claim preclusion and issue preclusion. Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same claim between those parties and their privies. *Hood v. G.D.H. by Elliott* (1992), Ind.App., 599 N.E.2d 237, 239. Issue preclusion operates to bar the subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent law suit. *Sullivan v. American Cas. Co. of Reading Pa.* (1992), Ind., 605 N.E.2d 134, 137. This case deals with claim preclusion. The requirements for claim preclusion are as follows:

(1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or might have been, determined in the former suit; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies.

*J.E. v. N.W.S. by S.L.S.* (1991), Ind.App., 582 N.E.2d 829, 830–31, *reh. denied, trans. denied.*

■ The parties do not dispute that the Illinois court properly had jurisdiction over the prior paternity action or that the former judgment was on the merits. C.W. contends it is unclear whether the paternity issue was or might have been determined in the former suit. However, the Illinois Judgment Order states in relevant part:

\* \* \* \* \* \*

THE COURT FINDS:

That there is a finding of non-paternity of defendant, [J.D.], in relation to minor child, [E.W.]. Therefore,

IT IS HEREBY ORDERED:

\* \* \* \* \* \*

Record, p. 14. Because the sole finding of the Illinois court dealt with J.D.'s nonpaternity, in relation to E.W., there is little doubt the suit dealt with E.W.'s paternity. Therefore, the only remaining element at issue in this case concerns the parties and their privies. *T.R. v. A.W. by Pearson* (1984), Ind.App., 470 N.E.2d 95, 96, *trans. denied.*

C.W. argues her interest in the first action differs from E.W.'s interests in the present action, and therefore, E.W. is not her privy.[2] However, we reject C.W.'s contention that her interests differ from E.W.'s. The purpose of the first paternity action was to determine whether J.D. was E.W.'s father. Because this action was a full adjudication on the merits and regardless of whether C.W. brought the action in her individual capacity or as E.W.'s next friend, E.W. had a real party interest in the outcome of the action. C.W. and E.W. share the same interest in attempting to determine whether J.D. is E.W.'s biological father.

We conclude the facts here are similar to *T.R., supra.* In *T.R.*, a full trial on the merits occurred in the first paternity action. Because the mother had represented the child's interests, this court concluded the mother and child were in privy and claim preclusion properly prevented the relitigation of the paternity claim in the second paternity action. *Id.* Here, as in *T.R.*, a full trial occurred on the merits in the first paternity action. At the bench trial, both parties were represented by counsel, the court heard the testimony of the parties, other witnesses, an expert, and the arguments of counsel. At the conclusion of the first paternity action, the court found J.D. was not the child's father. Ad-

---

**2.** Several Indiana cases have not applied claim preclusion because the representative's interests conflicted with the child's interests and concluded the two were not in privity. However, because in these cases the issue of paternity was not fully adjudicated on the merits, these cases provide little guidance on these facts. See,

*Hood v. G.D.H. by Elliott* (1992), Ind.App., 599 N.E.2d 237 (prior paternity/divorce case where the parent's interests competed with the child's interests); *P.N.B. by J.L.S. v. J.L.D* (1988), Ind.App., 531 N.E.2d 1203, *reh. denied, trans. denied* (prior paternity action was dismissed with prejudice by the agreement of the parties).

ditionally, as in *T.R.*, there were no collateral issues to cause a compromise. *See Hood*, 599 N.E.2d at 240 (parent's interests diverge with child's in joint divorce and paternity action). Based on *T.R.*, we conclude C.W. adequately represented E.W.'s interests in the first paternity action and the mother and child were in privy as to the paternity claim.

Additionally, in *T.R.*, *supra*, at 97, Judge Hoffman set out four policy considerations for barring subsequent actions on the same claim between the same parties or their privies. On the facts presented, we find his third reason merits repetition:

> [T]he need to avoid harassing litigation is a legitimate concern, worthy of consideration in barring subsequent suits. [In the prior suit, the alleged father successfully defended the mother's suit] which was based on the same facts and legal issues now forwarded. [The alleged father] now faces the same ordeal, embarrassment, and expense incurred in the [prior action]. Were this a criminal matter, [the alleged father] would be protected by the double jeopardy provisions of the United States and Indiana constitutions. It seems fundamentally unfair to make him run the same gambit a second time.

There has been a full trial on the merits of the paternity claim. J.D. has already defended this claim of paternity in a sister state. The imposition of claim preclusion will not dilute any of E.W.'s rights not already forwarded by her mother in the first suit. *T.R.*, *supra*. The "judgment from a sister state which is regular and complete on its face is presumed valid." *Omni Micro v. Hyundai Electronics* (1991), Ind.App., 571 N.E.2d 598, 600. Because the elements of claim preclusion were satisfied, we conclude that the trial court improperly denied J.D.'s motion for summary judgment.

We reverse.

HOFFMAN and NAJAM, JJ., concur.