In re the Paternity of J.W.L., by her next friend J.L.M., Appellants–Petitioners,

v.

A.J.P., Appellee–Respondent.

No. 49A02–9601–JV–20.

Court of Appeals of Indiana.

Nov. 13, 1996.

Pamela Carter, Attorney General, Jon Laramore, Deputy Attorney General, Indianapolis, for Appellant.

Michael Cheerva, Gale M. Phelps, Phelps & Fara, Indianapolis, for Appellee.

KIRSCH, Judge.

J.W.L. (Child), by her next friend J.L.M. (Mother), appeals the dismissal of her paternity action brought against appellee-respondent, A.J.P. The issue presented is whether a child is barred by principles of full faith and credit or res judicata from bringing a paternity action in Indiana when a foreign divorce judgment lists the child as a child of the marriage between the child's mother and someone other than the person named in the Indiana paternity action.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Mother was married to J.A.L. (Ex-husband) on July 11, 1981 in Melbourne, Florida. Child was born on January 27, 1983. This marriage was dissolved by the Circuit Court of Brevard County, Florida on January 14, 1984. Mother alleged in her dissolution petition that Child was a "child born of this marriage" and confirmed that fact through her testimony at the dissolution hearing. *Record* at 248, 256. In its final judgment of dissolution, the Florida court referred to Child as "the parties' minor child," awarded

custody to Mother with reasonable visitation to Ex-husband, and ordered Ex-husband to pay child support. *Record* at 244.

Eleven years later, on March 7, 1995, Mother filed a petition in the Marion Superior Court (the trial court) to establish paternity of Child in A.J.P. Mother amended the petition on July 17, 1995, to join Child as a necessary party to the action. On A.J.P.'s motion, the trial court dismissed the paternity petition for the following reasons: 1) the Florida dissolution judgment determined the issue of paternity and was entitled to Full Faith and Credit in Indiana; and 2) principles of res judicata barred relitigation of the paternity issue.

## DISCUSSION AND DECISION

### I. Full Faith and Credit

■ Full faith and credit has its origin in Article 4, Section 1 of the United States Constitution which provides that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." The full faith and credit clause "imposes an obligation on each state to enforce the rights and duties validly created under the laws of other states, and there is a constitutional presumption that the judgment of a state court should be afforded the same credit, validity and effect in every other court of the United States which it had in the state where it was pronounced." *Lucas v. Estate of Stavos*, 609 N.E.2d 1114, 1119 (Ind.Ct.App.1993), *trans. denied.*

■ In 1994, the Indiana General Assembly amended the paternity statute to add a full faith and credit provision:

"A court or Title IV–D agency shall give full faith and credit to a paternity determination made by any other state or foreign jurisdiction regardless of whether the determination is made through:

(1) a voluntary acknowledgment; or

(2) a judicial or an administrative process."

IC 31–6–6.1–20. The addition of this section simply codified full faith and credit principles in the paternity context; it did not create new or different principles to apply to pater-

nity determinations. For this reason, the Florida dissolution judgment is subject to the pre-statute constitutional presumption that it be afforded the same credit, validity and effect in Indiana which it had in Florida. *See Lucas*, 609 N.E.2d at 1119.

■ The initial question, then, is whether a Florida court would give preclusive effect to the prior dissolution judgment in a subsequent paternity action. Florida case law on this subject falls into three categories. First, are those cases involving post-dissolution enforcement of support proceedings in which an ex-husband challenged paternity for the first time. In each case, the final divorce judgment precluded the ex-husband from relitigating the paternity issue. *See Florida Dep't of Health & Rehabilitative Services v. Robison*, 629 So.2d 1000 (Fla.Ct.App.1993); *Vereen v. Vereen*, 581 So.2d 1004 (Fla.Ct.App.1991); *Florida Dep't of Health and Rehabilitative Services v. Wright*, 498 So.2d 1008 (Fla.Ct.App.1986); *Decker v. Hunter*, 460 So.2d 1014 (Fla.Ct.App.1984); *Johnson v. Johnson*, 395 So.2d 640 (Fla.Ct.App.1981).

■ The second category of cases involves a putative father seeking to establish paternity of a child born during the marriage of the mother to another man, which marriage had been dissolved. In these cases, the putative father was not precluded from seeking to establish paternity because he was not a party to the prior dissolution. *See Whitney v. Hall*, 434 So.2d 40 (Fla.Ct.App.1983); *Nostrand v. Olivieri*, 427 So.2d 374 (Fla.Ct.App.1983).

The third category involves only one case, *In re Estate of Robertson*, 520 So.2d 99 (Fla.Ct.App.1988). In that case, the child was born during her mother's marriage to another man, and the dissolution decree stated that the child was born of the marriage. The court held that the child was not precluded from subsequently attempting to establish paternity in the putative father because the child was not a party to the dissolution action.

The present case falls into the third category. Child was not a party to the dissolution proceeding between Mother and Ex-husband. Under *Robertson*, Child would not

be precluded "by res judicata, collateral estoppel or estoppel by judgment from seeking an adjudication of the issue of paternity" in Florida. *Robertson,* 520 So.2d at 102. Giving the Florida dissolution judgment the same credit, validity and effect in Indiana, we conclude that full faith and credit principles do not preclude Child from pursuing the present paternity action.

## II. Res Judicata

Next, we consider whether, under Indiana law, the Florida dissolution judgment is res judicata on the issue of paternity. Our analysis begins with *In re S.R.I.,* 602 N.E.2d 1014 (Ind.1992), in which our supreme court considered the preclusive effect of an Indiana divorce judgment on a subsequent paternity action brought by a putative father who was not a party to the dissolution. The court stated that the doctrine of res judicata "cannot control in a case such as this where the petitioner was not a party to the dissolution action." *Id.* at 1016. The court observed that even if the dissolution decree found the child to be born of the marriage, the decree alone would not be res judicata on the issue of paternity because:

> " 'Such an order does not affect the child's status, especially when the child is not a party to the action.... The finding that the child "was born as the issue of this marriage" amounts to no more than a finding that he was born to the wife during the marriage .... (footnote omitted.)'
>
> "In other words, dissolution findings are binding on the *parties* to the dissolution. [The child] was not a party to the dissolution. Thus, in the face of [the putative father's] colorable claim of paternity, the dissolution decree amounts to no more than a finding that S.R.I. was born to [the mother] during the marriage. It is not a procedural bar to [the putative father's] effort to establish paternity."

*Id.* at 1016–17 (quoting *A.B. v. C.D.,* 150 Ind.App. 535, 560, 277 N.E.2d 599, 616 (1971)).[1]

In *Hood v. G.D.H. by Elliott,* 599 N.E.2d 237 (Ind.Ct.App.1992), decided less than two months before the supreme court rendered its decision in *S.R.I.,* Hood and Elliott were married when the child was conceived, and separated when the child was born. The decree subsequently dissolving the marriage specifically stated that Hood was not the child's father. Stating that the "precise issue" was "the preclusive effect of a child-parent determination in a dissolution proceeding, to which the child was not a party," this court concluded that "[the child] was neither a party nor privy to the prior dissolution proceeding; hence, the trial court did not err in concluding [the child] was not barred from bringing this paternity petition." *Hood,* 599 N.E.2d at 240.

We believe that the general principles announced in *S.R.I.* and *Hood* apply with equal force here. We hold that Child was neither a party nor privy to the prior dissolution proceeding between Mother and Ex-husband; accordingly, she is not barred from bringing the present paternity action. The trial court erred in concluding otherwise.

In reaching our decision, we are mindful of this court's opinions in *J.D. v. E.W. by C.W.,* 610 N.E.2d 289 (Ind.Ct.App.1993) and *T.R. v. A.W. by Pearson,* 470 N.E.2d 95 (Ind.Ct.App. 1984), *trans. denied,* in which this court held that res judicata principles precluded a child's paternity action. One critical fact distinguishes those cases from the present one: the prior action that was given preclusive effect was a paternity action in which "a full trial occurred on the merits[.]" *J.D.,* 610 N.E.2d at 290. Here, there was no trial on the merits concerning the paternity issue. And, as we have seen, a dissolution decree alone is not res judicata on the issue of paternity as to a non-party to the marital dissolution proceedings. *S.R.I.,* 602 N.E.2d at 1016–17.

Contrary to A.J.P.'s contention, the fact that a guardian ad litem was appointed to

---

**1.** Relying in part on the principles stated in *S.R.I.,* our supreme court recently decided that the putative father may bring a paternity action even though the mother's marriage to the presumptive father remains intact. *See K.S. v. R.S.,* 669 N.E.2d 399 (Ind.1996). Relying on *K.S.,* this court even more recently held that a child may bring a paternity action against a putative father even though the child's mother's marriage to the presumptive father remains intact. *See C.J.C. v. C.B.J.,* 669 N.E.2d 197 (Ind.Ct.App.1996).

represent Child's interests in post-dissolution custody and support matters does not estop her from raising the issue of paternity in the present action. The custody and support matters did not involve an adjudication of paternity or a trial on the merits of the issue. Accordingly, Child is not estopped from bringing a paternity action for the same reasons she is not precluded from bringing such action.

Reversed and remanded for further proceedings.[2]

STATON, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I wholly subscribe to application of the principles enunciated in *In Re S.R.I.* (1992) Ind., 602 N.E.2d 1014, and *Hood v. G.D.H. by Elliott* (1992) Ind.App., 599 N.E.2d 237. However, I do not agree that we may correctly distinguish *J.D. v. E.W.* (1993) Ind. App., 610 N.E.2d 289, and *T.R. v. A.W. by Pearson* (1984) Ind.App., 470 N.E.2d 95. Although in those two cases the issue of paternity was fully litigated upon the merits, that fact was not determinative in the two decisions. Rather, those cases were founded upon the premise that although the child was not a party to the earlier paternity litigation, "the mother had represented the child's interests [and therefore] the mother and child were in privity." *J.D v. E.W.*, 610 N.E.2d at 290. Because, in following *S.R.I* and *Hood,* we hold to the contrary, I believe that our opinion would be more accurate if we declined to follow, rather than distinguished, *J.D.* and *T.R.*

In all other respects, I fully concur in the majority opinion.