682 N.E.2d 519 (1997)
In re the PATERNITY OF J.W.L.
J.W.L., a minor, by J.L.M., as next friend, Appellant (Petitioner below),
v.
A.J.P., Appellee (Respondent below).
No. 49S02-9706-JV-386.
Supreme Court of Indiana.
June 27, 1997.
*520 Pamela Carter, Attorney General, John Laramore, Deputy Attorney General, Indianapolis, for Appellant.
Michael Cheerva, Gale M. Phelps, Phelps & Fara, Indianapolis, for Appellee.

ON PETITION TO TRANSFER
SULLIVAN, Justice.
In this case, we look at an issue similar to one of the issues present in Russell v. Russell, 682 N.E.2d 513 (Ind.1997), also decided today: the effect of a dissolution court's determination as to whether a child is a child of the marriage on a subsequent paternity action filed by that child against putative father. We grant transfer and summarily affirm the opinion of the Court of Appeals. Ind.Appellate Rule 11(B)(3).
In this case, mother gave birth to a child, J.W.L., while married to husband. In 1985, approximately one year after J.W.L was born, mother and husband divorced in a Florida court. Mother claimed that J.W.L was a child of the marriage. In its final judgment, the Florida court noted that J.W.L. was "the parties' minor child," and granted custody to mother. The divorcing husband was ordered to pay child support.
In 1995, mother, as next friend of J.W.L., filed this paternity action in Marion Superior Court to establish paternity in another man, A.J.P. The trial court dismissed the petition on the basis that the Florida determination that J.W.L. was a child of the marriage was entitled to Full Faith and Credit and that res judicata barred relitigation on the issue of paternity.
The Court of Appeals reversed the trial court and held that J.W.L. would not be estopped from bringing a paternity action. J.W.L. by J.L.M v. A.J.P., 672 N.E.2d 966 (Ind.Ct.App.1996). The Court found controlling our opinion in In re S.R.I., 602 N.E.2d 1014 (Ind.1992), which held that a child or putative father not named as a party to the dissolution is not precluded by a dissolution court's determination as to whether a child is a child of the marriage from filing a separate action in juvenile court to establish paternity. The Court of Appeals here concluded that because J.W.L. was not a party to the dissolution, he was not barred from bringing the paternity action. 672 N.E.2d at 968.[1]
In addition to holding that J.W.L. was not precluded from filing the paternity action, the Court of Appeals further noted it was:
mindful of this court's opinions in J.D. v. E.W. by C.W., 610 N.E.2d 289 (Ind.Ct.App. 1993) and T.R. v. A.W. by Pearson, 470 N.E.2d 95 (Ind.Ct.App.1984), trans. denied, in which this court held that res judicata principles precluded a child's paternity actions. One critical fact distinguishes those cases from the present one: the prior action that was given preclusive effect was a paternity action in which "a full trial occurred on the merits[.]" J.D., 610 N.E.2d at 290. Here, there was no trial on the merits concerning the paternity issue. And, as we have seen, a dissolution decree alone is not res judicata on the issue of paternity as to a non-party to the marital dissolution proceeding.
672 N.E.2d at 968.
Judge Sullivan, in concurring with a separate opinion, disagreed with this particular aspect of the majority's opinion and posited that instead of distinguishing these two cases, the Court of Appeals should decline to follow them. 672 N.E.2d at 969 (Sullivan, J., concurring).
As per our discussion in part III of our opinion today in Russell, we agree with *521 the majority's distinguishing of the J.D. and T.R. cases on the basis that the issue of paternity had been fully litigated in those cases.[2] In Russell, we say that where the issue of whether the divorcing husband is a child's biological father is fully litigated, following "appropriate procedures for making paternity determinations .... [and the court] makes its determination as to whether the child is or is not a child of the marriage under such circumstances and based upon and consistent with the results of the blood or genetic testing, such a determination, (i) in addition to having the preclusive effect on the divorcing husband and wife described in the preceding paragraph, (ii) will constitute a determination in all but the most extraordinary circumstances that the divorcing husband is or is not the biological father of the child, precluding a child, putative father, or other person from challenging that determination in subsequent or collateral proceedings." Russell, 682 N.E.2d at 518. The Court of Appeals' opinion in J.W.L illustrates these principles insofar as it turns on the absence of full and fair litigation.

Conclusion
We grant transfer and summarily affirm the opinion of the Court of Appeals. Ind.Appellate Rule 11(b)(3).
SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.
NOTES
[1] The Court of Appeals also held that the Full Faith and Credit clause of the United States Constitution, U.S. Const. art. IV § 1, did not bar J.W.L from filing the paternity action. J.W.L, 672 N.E.2d at 967-68. The Court looked at Florida law holding that a child that was not made a party to the dissolution action would not be precluded from later filing a paternity action against another man. Id. (citing In re Estate of Robertson, 520 So.2d 99 (Fla.Ct.App.1988)). We agree with the Court of Appeals' analysis and conclusion.
[2] In both of those cases, there was an initial paternity action brought by mother against putative father in which putative father was found not to be the biological father. Then, several years later, in both cases, another paternity action was filed against the same man and the issue of whether that second action would be barred by res judicata arose. In both cases, the Court of Appeals held that the second action would be barred.