**In re the Marriage of L.M.A., Appellant–Respondent,**

v.

**M.L.A., Appellee–Petitioner.**

**No. 20A05–0106–CV–249.**

Court of Appeals of Indiana.

Oct. 3, 2001.

Laurie A. Bigsby, Fred R. Hains & Associates, South Bend, Indiana, Attorney for Appellant.

Patrick J. Whisler, Ian J. Forte, Whisler & Lavery, Elkhart, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### *STATEMENT OF THE CASE*

L.M.A. ("Wife") appeals the trial court's order modifying its 1995 decree dissolving her marriage to M.L.A. ("Husband") and awarding him custody of nine-year old V.A.[1]

We affirm.

### *ISSUE*

Whether the trial court's order must be reversed because the court lacked jurisdiction.

### *FACTS*

On February 16, 1995, an order of the Elkhart Superior Court No. 2, ("the trial court") dissolved the parties' marriage after both had stipulated "under oath" that there were "two children of the marriage." (App. 23). The trial court's order,[2] pursuant to the parties' stipulation, established joint custody of those two children: K.A., born September 15, 1988, and V.A., born January 3, 1992. In October of 1999, after both parties had filed petitions to modify custody, they agreed to continued joint custody but with Husband to be "primary custodian for school purposes." (App. 3). In May of 2000, Wife again filed a petition to modify custody in the trial court.

While this petition was pending, in August of 2000, Wife filed a petition in the St. Joseph County Probate Court alleging that T.W. was V.A.'s biological father. On September 19, 2000, the probate court found

---

1. Mother does not address the order's awarding him custody of their twelve-year old daughter K.A.

2. The dissolution order is not included in Wife's Appendix.

T.W. to be V.A.'s "legal father" but "defer[red] any decisions regarding custody and visitation to the Elkhart Superior Court 2." (App. 25).

Thereafter, Husband also filed a petition to modify custody.[3] Wife filed a motion for change of venue,[4] and Husband filed a motion for the trial court to retain jurisdiction. Husband cited the provisions of the original dissolution order whereby the trial court "retain[ed] continuing jurisdiction of this cause to enforce the terms of this decree of dissolution," (App. 12), and the probate court's order deferring any custody decision to the trial court. In response, Wife argued that it was "permissible to transfer the action to St. Joseph County, Indiana" pursuant to the statute providing for transfer of jurisdiction over support orders, (App. 19), and asked that her motion to transfer venue be granted.

The trial court heard the parties' arguments. Thereafter, its order noted the parties' original stipulations, effected in the dissolution order; the probate court's order that determined T.W. to be V.A.'s father; and that Wife had "committed perjury, either in her execution of the dissolution decree or in the execution of the petition to establish paternity." (App. 23–24). The trial court then held that "jurisdiction over both children shall continue in this court until the custody issue is resolved and the issue of support has been completed." (App. 24).

Subsequently, the trial court held an evidentiary hearing and heard testimony from the parties and from the guardian ad litem. The latter testified that over a three-year period, the children had resided with Husband and Wife exercised very little visitation with them; that he did not believe K.A. and V.A. should be separated; and that awarding V.A.'s custody to Husband was in V.A.'s best interest. The guardian ad litem also reported that Mother had coached V.A. and turned him away from Husband. The trial court heard testimony that Wife had known that V.A. was not Husband's child but had waited eight years to so indicate by filing the paternity action; that Wife had violated a court order by removing V.A. from his school and had failed to pay support as ordered by the court; and that Wife had committed acts of battery on the twelve year-old daughter K.A. Finally, testimony indicated that Husband had provided most of the parenting to the two children since the time of the dissolution.

The trial court considered the "best interests of the child" pursuant to "the custody statute and the de facto custodian statute."[5] (App. 28). The court further noted that T.W. had had "little or no contact with" V.A. and provided no support for him whatsoever.[6] *Id.* It concluded that because Husband had "established a meaningful relationship" with V.A. and was "the only father he has ever known," it would not be in V.A.'s best interest to "deprive" him of his relationship with Hus-

3. No petitions to modify are included in Wife's Appendix.

4. This motion is not included in Wife's Appendix.

5. Indiana Code § 31–9–2–35.5 defines a de facto custodian as "a person who has been the primary caregiver for, and financial support of, a child who has resided with the person for at least ... one year," and pursu-

ant to Indiana Code § 31–17–2–8.5, after considering certain specific additional factors, custody may be awarded to such a custodian "if the court determines that it is in the best interests of the child."

6. Testimony indicated that T.W. had had been subpoenaed but failed to appear for the hearing, and that he was currently living in North Carolina.

band "at this stage in the child's life." *Id.*[7] Custody of both K.A. and V.A. was awarded to Husband.

## DECISION

Wife contends "the trial court erroneously exercised jurisdiction by issuing orders regarding custody of and visitation with [V.A.] after [V.A.] was determined not to be a child of [L.M.A. and M.L.A.]'s marriage in a collateral paternity action." Wife's Brief at 1. We cannot agree.

■■■ As Wife correctly observes, subject matter jurisdiction is the power of a court to hear and decide a particular class of cases. *See In re Guardianship of K.T.*, 743 N.E.2d 348, 351 (Ind.Ct.App.2001). The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000). Title 31 of the Indiana Code grants trial courts the "incidental ... specific authority" to decide child custody matters "within the general grant of subject matter jurisdiction to hear actions for dissolution and child support." *Williams v. Williams*, 555 N.E.2d 142, 145 (Ind.1990). General jurisdiction over child custody matters follows the jurisdiction which is vested with respect to custody matters. *Hemingway v. Sandoe*, 676 N.E.2d 368, 372 (Ind.Ct. App.1997).

Indiana Code § 33–15–13.1–1 creates the superior court in Elkhart County, and Indiana Code § 33–5–13.1–5 grants general jurisdiction to the superior court, giving it "the same jurisdiction as the Elkhart Circuit Court." *See also State v. Monfort*, 723 N.E.2d 407, 414 (Ind.2000) (superior courts are courts of general jurisdiction).

Thus, the trial court held subject matter jurisdiction to consider modifications to its previous dissolution decree as to custody and support.

■■ Wife notes that the trial court cited *Russell v. Russell*, 666 N.E.2d 943 (Ind.Ct. App.1996)—for the proposition that paternity established by a dissolution decree may not be repudiated by either party—but that opinion was vacated by *Russell v. Russell*, 682 N.E.2d 513 (Ind.1997). In *Russell*, the parties married when the wife was three months pregnant with J.R. During the parties' dissolution action, the wife alleged that the husband was not the biological father of J.R., the husband was ordered to undergo DNA testing but refused, the wife then signed a stipulation that the husband was not J.R.'s biological father but withdrew it after indicating to the court that she did not plan to establish paternity in anyone else. Thereafter, the trial court granted the husband and wife joint custody of J.R., with physical custody going to the husband, and several days later Thomas Griffith filed a petition to establish paternity of J.R. When the wife appealed the grant of custody, our opinion *inter alia* held that "J.R. fell within the definition of a child of the marriage, regardless of whether husband or Griffith was J.R.'s biological father." 682 N.E.2d at 514. On transfer, our supreme court noted that as to whether a dissolution court may make a determination of paternity, "there are some circumstances in which a determination in a dissolution proceeding is not necessarily a determination that the divorcing husband is a biological father of the child." *Id.* at 518. However, the court proceeded to declare as follows:

> In many cases, the parties to the dissolution will stipulate or otherwise explicit-

---

7. Wife does not challenge the trial court's conclusion that it was in V.A.'s best interests that custody be with Husband at this time.

ly or implicitly agree that the child is a child of the marriage. In such cases, although the dissolution court does not identify the child's biological father, the determination is the legal equivalent of a paternity determination in the sense that the parties to the dissolution—the divorcing husband and wife—will be precluded from later challenging that determination except in extraordinary circumstances. *See Fairrow v. Fairrow,* 559 N.E.2d 597, 600 (Ind.1990).

*Id.* Accordingly, although the trial court cited the Court of Appeals decision in *Russell,* it followed the reasoning of our supreme court's decision. Wife stipulated to the trial court that V.A. was a child of the marriage and is, therefore, "precluded from later challenging that determination" in the dissolution court. *Id.*

Wife next cites *In re the Paternity of J.W.L.,* 682 N.E.2d 519 (Ind.1997), which she finds to contain "facts almost identical to the facts in this case." Wife's Brief at 12. Indeed, to a certain extent it does: at dissolution, Mother claimed that J.W.L. was a child of the marriage, the dissolution court found J.W.L. was the parties' minor child, and subsequently Mother filed a paternity action to establish paternity in another man. However, the issue in *J.W.L.* was whether Mother could proceed with that paternity action brought as J.W.L.'s next friend. Here, Wife argues that "it was appropriate for [her] to bring the paternity action." *Id.* at 13. But she appeals no order to the contrary. Thus, *J.W.L.* is inapposite to Wife's claim that the trial court here lacked jurisdiction to modify its original dissolution order as to custody of V.A.

■ The party challenging subject matter jurisdiction carries the burden of establishing that jurisdiction does not exist. *GKN Co. v. Magness,* 744 N.E.2d 397, 404

(Ind.2001). Wife failed to carry her burden.

We affirm. ·

MATHIAS, J., and VAIDIK, J., concur.