In re the PATERNITY OF P.S.S.

**P.S.S., by next friend, Barrington A. Smith, Appellant–Petitioner,**

v.

**Lisa M. Smith and Gary J. Drake, Appellees–Respondents.**

No. 02A03–0904–JV–136.

Court of Appeals of Indiana.

Sept. 24, 2009.

Barrington A. Smith, Durham, NC, Attorney for Appellant.

## OPINION

BAKER, Chief Judge.

Appellant-petitioner P.S.S., by next friend, Barrington A. Smith, appeals the juvenile court's order denying her petition to establish paternity and dismissing the cause of action. P.S.S. contends that the juvenile court erred by concluding that it did not have jurisdiction over her petition and that she is not entitled to raise the paternity issue when it was already decided during her parents' dissolution proceeding. Finding no error, we affirm.

### FACTS

Barrington A. Smith and Lisa Smith were married on February 2, 1985, and lived together until they separated in May 2000. During their marriage, four children were born: B.A.S., Jr., born on August 23, 1986; S.M.S., born on April 6, 1989; P.S.S., born on December 24, 1992; and C.W.S., born on June 17, 1996.

On December 6, 2000, Barrington filed a petition for dissolution of marriage. On August 23, 2001, during the dissolution proceedings, the trial court entered an "Order of the Court" noting that "[b]efore the presumption that the husband is the father of the child, [P.S.S.], can be rebutted, there must be a [Guardian Ad Litem (GAL)] for said child. The court now appoints [a GAL] for the child, [P.S.S.]. Dissolution will be deferred pending reso-

lution of the issue of paternity." Appellant's App. p. 39.

On or about November 16, 2001, a decree of dissolution of marriage was entered after the trial court approved the mediated marital settlement agreement. In the mediated settlement agreement, Barrington and Lisa agreed to share joint custody of the three eldest children, while they acknowledged that "the minor child, [C.W.S.,] was born during the parties' marriage, but that said child is the biological child of a third person, not a party to this case." Appellant's App. p. 34.

On August 11, 2005, Lisa filed a petition to modify primary placement. After a hearing, the trial court awarded full legal and physical custody of the three children to Lisa and ordered Barrington to pay Lisa $130 per week in child support. We affirmed the trial court's order. *Smith v. Smith*, No. 02A03–0608–CV–371, 2007 WL 602492 (Feb. 28, 2007).

On November 24, 2008, P.S.S., by next friend, Barrington, filed a petition to establish paternity against Lisa and the putative father in juvenile court. On December 11, 2008, the juvenile court dismissed the cause, finding that "exclusive jurisdiction vested with the [trial court] when the Petition for Dissolution of Marriage (or similarly named pleading) was filed on or about December 2000[.]" Appellant's App. p. 11. The juvenile court noted that "[f]or the reason that the subject of child paternity, parenting time, and support were first properly before the [trial court] in the dissolution proceeding and the [trial court] retains exclusive jurisdiction, the [c]ourt is precluded from making those determinations regarding the same child, [P.S.S.], in this subsequently filed paternity action." Appellant's App. p. 11. On January 29,

2009, P.S.S., by next friend, filed a motion for relief from judgment. On February 24, 2009, the juvenile court denied the motion, reiterating that the continuing exclusive jurisdiction vested with the trial court. In addition, the juvenile court stated that

> [t]he Court finds that this Court does not have jurisdiction to ignore any judgment of the [trial court] establishing that [Barrington] is rebuttably, and perhaps conclusively, the legal father of [P.S.S.]

> The Court finds that this Court does not have jurisdiction to modify the judgment of the [trial court] by allowing [Barrington's] collateral attack in this inappropriate venue to dis-establish paternity of the minor child, [P.S.S.]

Appellant's App. p. 20. P.S.S. now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review and Jurisdiction

■ This cause is before us as an appeal to the juvenile court's denial of P.S.S.'s motion for relief from judgment. A motion for relief from judgment under Indiana Trial Rule 60(B) is left to the equitable discretion of the trial court; the grant or denial of the motion will be disturbed only when that discretion has been abused. *Estate of Lee ex rel. McGarrah v. Lee & Urbahns Co.*, 876 N.E.2d 361, 371 (Ind.Ct.App.2007). In making the decision, the trial court is required to balance the alleged injustice suffered by the movant against the interests of the winning party and society in general in the finality of litigation. *Id.*

■ Although P.S.S. categorized her motion as a Rule 60(B)(2)[1] motion, be-

---

1. Trial Rule 60(B)(2) provides that a trial court may provide relief from judgment to a

party based on "any ground for a motion to correct error, including without limitation

cause of her references to the very specific nature and procedural posture of a paternity action, we find that the motion is more properly brought under subsection 60(B)(8), which provides that relief can be given for "any reason justifying relief from the operation of the judgment." We have explained the purpose of Rule 60(B)(8) as follows:

> T.R. 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B).

*Brimhall v. Brewster*, 864 N.E.2d 1148, 1153 (Ind.Ct.App.2007), *trans. denied.*

The exceptional nature of the cause should have compelled the court to invoke its equitable power. We are faced with a minor bringing a paternity action—albeit facilitated by her next friend—to discover her parentage and biological heritage. Initially, the juvenile court dismissed her action on the ground that it lacked jurisdiction. Later, it also dismissed her motion for relief pursuant to Rule 60(B). Because of the substantial public policy concern in paternity actions that "[p]roper identification of parents and child should prove to be in the best interests of the child for medical or psychological reasons," we find P.S.S.'s situation to be the inherent exceptional circumstance potentially justifying the extraordinary relief

provided under Rule 60(B)(8). *In re S.R.I.*, 602 N.E.2d 1014, 1016 (Ind.1992). Therefore, although we ultimately find that the trial court properly dismissed P.S.S.'s action on the merits, we believe that the trial court incorrectly concluded that it did not have jurisdiction over the matter.

## II. Collateral Estoppel

■ P.S.S. next contends that the juvenile court erred by finding that she is collaterally estopped from seeking a paternity determination. Although we acknowledge the significance and value of knowing one's parentage, P.S.S.'s paternity has already been the subject of judicial proceedings.

■ As a general rule, a child is not normally precluded by a dissolution court's paternity finding from filing a separate action in juvenile court to establish paternity at a later time. *In re Paternity of J.W.L.*, 682 N.E.2d 519, 520–21 (Ind.1997). Here, however, the juvenile court found P.S.S. to be collaterally estopped from raising this issue a second time. Collateral estoppel "bars subsequent litigation of a fact or issue which was adjudicated in previous litigation if the same fact or issue is presented in a subsequent lawsuit." *Fitz v. Rust–Oleum Corp.*, 883 N.E.2d 1177, 1182 (Ind.Ct.App.2008), *trans. denied.* A two-part analysis determines whether this doctrine should be applied: "(1) whether the party against whom the former adjudication is asserted had a full and fair opportunity to litigate the issue and (2) whether it would be otherwise unfair under the circumstances to permit the use of issue preclusion in the current action." *Id.* at 1182–83.

newly discovered evidence, which by due diligence could not have been discovered in time

to move for a motion to correct errors under Rule 59[.]"

In this case, although P.S.S. was not a party to the dissolution proceedings, the trial court appointed a GAL to protect her interests with respect to the issue of paternity. Consequently, her interests were represented and taken into consideration during the paternity mediation.

At first blush, this court's opinion in *J.W.L.* would seem to indicate that an opposite result must be reached. *In re Paternity of J.W.L.*, 672 N.E.2d 966, 968–69 (Ind.Ct.App.1996), *aff'd by J.W.L.*, 682 N.E.2d at 521 (summarily affirming Court of Appeals opinion). When examined more closely, however, *J.W.L.* supports the result reached by the juvenile court herein. In *J.W.L.*, the putative father argued that the fact that a GAL was appointed to represent the child's interests should have estopped her from raising paternity years after the dissolution decree was entered. This court disagreed, however, noting that the GAL was appointed during "post-dissolution custody and support matters," which "did not involve an adjudication of paternity or a trial on the merits of the issue." 672 N.E.2d at 969. Therefore, we found that the doctrine of collateral estoppel did not apply.

Here, in contrast, the GAL *was* appointed during the dissolution proceedings. And in fact, the sole reason for the appointment was the protection of P.S.S.'s interests during the resolution of the paternity issue. Therefore, we can only conclude that P.S.S.—and her next friend, Barrington—had a full and fair opportunity to take part in the resolution of this issue during mediation and that it would be unfair to give her—and Barrington—a second bite at the apple.

The judgment of the juvenile court is affirmed.

FRIEDLANDER, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting with separate opinion.

I respectfully dissent from the majority's decision affirming the juvenile court's order which dismisses P.S.S.'s petition to establish paternity. While I agree with the majority's stance on the jurisdictional issue, I part ways with their treatment of the merits of P.S.S.'s action.

The inquiry whether a child is a child of the marriage is a determination by the dissolution court of who the child's parents are for purposes of custody, visitation and support. *Russell v. Russell*, 682 N.E.2d 513, 517 (Ind.1997). In paternity proceedings, the inquiry is whether a particular man is the child's biological father. *Id.* If so, similar determinations as to support, custody and visitation are made. *Id.* A determination as to whether a child is a child of the marriage in a dissolution proceeding is not necessarily a determination that the divorcing husband is the biological father of the child. *Id.* However, there are some circumstances in which a determination in a dissolution proceeding as to whether a child is a child of the marriage is equivalent to a paternity determination, *i.e.*, determination that the divorcing husband is or is not the child's biological father. *Id.*

In many cases, the parties to the dissolution will stipulate or otherwise explicitly or implicitly agree that the child is a child of the marriage. In such cases, although the dissolution court does not identify the child's biological father, the determination is the legal equivalent of a paternity determination in the sense that the parties to the dissolution—the divorcing husband and wife—will be precluded from later challenging that determination, except in extraordinary circumstances. *Id.* Nevertheless, a child is not precluded by the dissolution court's finding from filing a sepa-

rate action in juvenile court to establish paternity at a later time. *Id.; see also J.W.L. by J.L.M. v. A.J.P.*, 682 N.E.2d 519 (Ind.1997). This is exactly the instant scenario: the minor child, P.S.S., filed a separate cause in juvenile court to establish her paternity.

As a basis for its reason to dismiss P.S.S.'s petition—and which was affirmed by the majority—the juvenile court appeared to focus on an interim order issued by the trial court during the dissolution proceedings which contained a single annotation that "[b]efore the presumption that the husband is the father of the child, [P.S.S.], can be rebutted, there must be a [GAL] for said child. The court now appoints [GAL] for the child, [P.S.S.]. Dissolution will be deferred pending resolution of the issue of paternity." (Appellant's App. p. 39). Although the issue of P.S.S.'s paternity might have been raised during the divorce proceedings, this is not determinative to vest jurisdiction over the paternity petition with the trial court. In *Russell*, our supreme court stated that if the issue of whether a child is a child of the marriage is *vigorously* contested, the dissolution court has the authority to follow appropriate procedures for making paternity determinations. *Russell v. Russell*, 682 N.E.2d 513, 518 (Ind.1997) (emphasis added).

> When a dissolution court makes its determination as to whether the child is or is not a child of the marriage under such circumstances and based upon and consistent with the results of the blood or genetic testing, such a determination, (i) in addition to having the preclusive effect on the divorcing husband and wife [ ], (ii) will constitute a determination in all but the most extraordinary circumstances that the divorcing husband is or is not the biological father of the child, precluding a child, putative father, or other person from challenging that de-

termination in subsequent or collateral proceedings.

*Id.* Besides the single annotation in the trial court's interim order alluding to the appointment of a GAL, the record lacks any indication that P.S.S.'s paternity issue was *vigorously* contested during the divorce proceedings. As a result, I would conclude that P.S.S., By Next Friend, is entitled to bring a paternity action before the juvenile court.