Mary Jo CLARK, Appellant
(Defendant Below),

v.

John R. KENLEY, Parke County
Prosecuting Attorney, Appellee
(Plaintiff Below).

No. 61A04–9408–JV–333.

Court of Appeals of Indiana,
Fourth District.

Jan. 30, 1995.

Transfer Denied May 22, 1995.

Nina Jeanne Alexander, Hellman Cook & Alexander, Terre Haute, for appellant.

Pamela Carter, Atty. Gen., Frances Barrow, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Mary Jo Clark (Mother) appeals from the trial court's interlocutory order denying her motion to dismiss the petition to establish paternity of Mother's son, D.D., which was filed by the Parke County Prosecuting Attorney, John R. Kenley.

### ISSUE

Whether a county prosecutor may file a paternity action on behalf of a child pursuant to Ind.Code 31–6–6.1–3 when requested to do so by the child's alleged father, whose own action to establish paternity is barred by the two-year statute of limitations set forth in Ind.Code 31–6–6.1–6?

### FACTS

D.D. was born on October 11, 1990, to Mother. Since his birth, D.D. has been supported by Mother and her parents. On February 15, 1994, Dale E. Davis, Jr. (Davis) filed, in his own name, a petition to establish paternity of D.D. On April 15, 1994, the trial court granted Davis' motion to withdraw his petition.[1]

Three days later on April 18, 1994, the Parke County Prosecutor's Office filed a new petition to establish paternity in the name of D.D. by his next friend, Dale E. Davis, Jr. The petition was signed by Davis. Mother filed a motion to dismiss the petition alleging that this new petition was nothing more than an attempt by Davis to circumvent the two-year statute of limitations on paternity actions found in I.C. 31–6–6.1–6, and that, in fact, the petition was filed by Davis, and not the Prosecuting Attorney. After a hearing, the trial court granted Mother's motion to dismiss.

Two weeks later on July 20, 1994, the Parke County Prosecutor's Office filed a third petition to establish paternity of D.D. This time, the petition was brought in the name of D.D. by his next friend John R. Kenley, Parke County Prosecuting Attorney (Prosecutor). Kenley also signed the petition. Mother filed a motion to dismiss the petition on the same grounds as those alleged in the previous motion to dismiss. After a hearing, the trial court denied Mother's motion and, at Mother's request, certified its order for interlocutory appeal.

### DECISION

I.C. 31–6–6.1–6(a) provides in part that a man alleging to be the father of a child born out-of-wedlock has two years to file a petition to establish paternity of that child unless one of several exceptions apply.[2] I.C. 36–6–6.1–6(b) provides, however, that the child may file a petition at any time before he or she

1. Presumably, Davis' motion to withdraw his petition to establish paternity of D.D. was in response to Mother's motion to dismiss Davis' petition which alleged that Davis' action was barred by the two-year statute of limitations found in I.C. 31–6–6.1–6, and that none of the statutory exceptions to the two-year bar were applicable to Davis.

2. None of the exceptions to the two-year statute of limitations for filing a petition to establish paternity are at issue in this case.

reaches twenty years of age. Furthermore, I.C. 31–6–6.1–3 provides:

"Upon the request of the child, the mother or expectant mother, *a man alleging to be the father* or expectant father, the division of family and children, or the county office of family and children, the prosecuting attorney *shall* file a paternity action and represent the child in that action."

(Emphasis added). Citing I.C. 31–6–6.1–6(a), Mother points out that Davis' original petition was outside the two-year statute of limitations for bringing a petition to establish paternity of D.D. in Davis' name because it was filed when D.D. was approximately three and one-half years old. Therefore, she argues, the Parke County Prosecutor's petition to establish the paternity of D.D., which was brought at Davis' request, is nothing more than an attempt by Davis to accomplish indirectly that which he is barred from accomplishing directly.

While the State concedes that its petition to establish paternity of D.D. was filed at Davis' request, it argues the word "shall," as found in I.C. 31–6–6.1–3, not only mandated the Prosecutor to do so, but also mandated the Prosecutor to represent D.D.'s interests in that action. The State further argues that I.C. 31–6–6.1–3 allows the Prosecutor twenty years after D.D.'s birth to bring the action on his behalf. While we have not directly addressed this issue, the State's position appears to comport with our understanding of the statutory scheme. *See Matter of Paternity of J.J.H.* (1994), Ind.App., 638 N.E.2d 815, 817, *reh'g denied,* ("IND.CODE § 31–6–6,1–3 (1988 Ed.) dictates that 'the prosecuting attorney *shall* file a paternity action and *represent the child* in that action.'" (Emphasis in original)); *Goodman v. State* (1993), Ind.App., 611 N.E.2d 679, 682, *reh'g denied, trans. denied* ("The State properly filed a petition to establish paternity as next friend of the child who was incompetent to bring his own action by reason of his age. (Citation omitted). A child may file a petition to establish paternity at any time before his twentieth birthday. IND.CODE § 31–6–6.1–6(b).").

■ When the word "shall" appears in a statute, it is construed as mandatory rather than directory unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning. *United Rural Elec. v. Ind. & Mich. Elec.* (1990), Ind., 549 N.E.2d 1019, 1022, *reh'g denied.* In order to determine that intent with respect to the word "shall," our supreme court announced the following analysis in *Allen County Dept. of Pub. Welfare v. Ball Memorial Hosp. Ass'n.* (1969), 253 Ind. 179, 184, 252 N.E.2d 424, 427, *cert. denied sub nom. Bibbs v. Illinois* (1970) 398 U.S. 967, 90 S.Ct. 2184, 26 L.Ed.2d 552:

"The meaning and intention of the legislature are to be ascertained not only from the phraseology of the statute but also by considering its design, its nature and the consequences that flow from the various interpretations."

Furthermore, statutes relating to the same general subject matter are *in pari materia,* and should be construed together to produce a harmonious statutory scheme. *Darlage v. Drummond* (1991), Ind.App., 576 N.E.2d 1303, 1307.

We conclude the legislature intended the word "shall," as found in I.C. 31–6–6.1–3, to be mandatory. We note I.C. 31–6–6.1–2(a)(4) provides that a child may file a paternity action through his or her next friend. I.C. 31–6–6.1–6(b) provides that the child may file that action at any time before his or her twentieth birthday, and, as noted, I.C. 31–6–6.1–3 provides for representation of the child's interests in the paternity action by the county prosecutor. Given the fact that a young child is incapable of securing the prosecutor's assistance in a paternity action on its own, it is only logical that the legislature provide a conduit through which the prosecutor may be made aware of the child's need or desire to establish paternity. Accordingly, I.C. 31–6–6.1–3 provides that upon the request of various agencies and persons, including a man alleging to be the father of the child, the prosecutor *shall* file a petition to establish the paternity of the child.

■ Furthermore, despite Mother's protestations to the contrary, Davis is not the party who filed this third paternity action, and the Prosecutor does not represent Davis.

Instead, as the State points out, the petition was brought in D.D.'s name by his next friend Prosecutor, and I.C. 31–6–6.1–3 dictates that the Prosecutor's only interest in this suit is his representation of D.D.'s interests. We find that this provision clearly recognizes that in a paternity action, the child's interests are not necessarily the same as those of the parents. *Matter of Paternity of H.J.F.* (1994), Ind.App., 634 N.E.2d 551, 553. The child's interests in a paternity determination include inheritance rights, social security survivor benefits, employee death benefits, and in some instances, proceeds of life insurance policies. *S.V. v. Estate of Bellamy* (1991), Ind.App., 579 N.E.2d 144, 148 n. 6. A child's interests may also include the establishment of familial bonds, indoctrination into cultural heritage, and knowledge of family medical history. *H.J.F., supra* at 555. Thus, any benefit Davis may derive from the Prosecutor's petition on D.D.'s behalf is merely incidental to D.D.'s interest in having his paternity legally determined.

Further, we cannot help but note that D.D. carries Davis' last name. That Mother now opposes a determination of Davis' paternity illustrates the divergent reasons mothers, fathers, and children have in establishing paternity, and demonstrates why the children's interests must be protected. In our view, it is this type of situation the legislature contemplated when it enacted I.C. 31–6–6.1–3 providing that a county prosecutor *shall* file a paternity action at the request of the enumerated agencies and persons, and that in so doing the prosecutor *shall* represent the interests of the child. Moreover, Mother's position, which would disallow Davis from requesting the Prosecutor to file a petition for paternity on D.D.'s behalf, directly contravenes the legislature's stated intention as found in Ind.Code 31–6–6.1–1.5:

> "The general assembly favors the public policy of establishing paternity under this chapter of a child born out of wedlock."

Our decision today comports with that rendered in *Hood v. G.D.H. by Elliot* (1992), Ind.App., 599 N.E.2d 237, wherein Father appealed the trial court's order establishing paternity of Child. Child was born in 1979.

In 1990, Child brought a paternity action by his next friend, Mother. The county prosecutor represented Child. On appeal, among other things, Father argued that Mother and the State were barred by the statute of limitations from filing a paternity action. We stated:

> "Under the paternity statute, [Child] had until he reached the age of twenty to file a paternity petition. *See* I.C. § 31–6–6.1–6(b). [Child] was only eleven (11) at the time his petition was filed. Further, the statute specifically authorizes that a person otherwise incompetent may file a petition through his next friend. IND.CODE § 31–6–6.1–2."

*Id.* at 241. We therefore found that Father's contention was "of no consequence since this petition was filed by [Child]." *Id.*

Finally, in an effort to avoid the dictates of I.C. 31–6–6.1–3, Mother's contention that the Prosecutor is not D.D.'s "next friend," because it was she and not the Prosecutor or Davis who has provided for D.D., is of no merit since, as was noted by Judge Ratliff in *Hood, supra,* "[t]here is no limitation provided in the statute as to who may act as the child's next friend." *See* I.C. 31–6–6.1–2(a)(4).

Accordingly, we affirm the trial court's denial of Mother's motion to dismiss, and find that a county prosecutor is mandated by I.C. 31–6–6.1–3 to file a petition at the request of a man alleging to be the father of a child—even if the two-year statute of limitations found in I.C. 31–6–6.1–6(a) has run as to the alleged father's right to bring a paternity action in his own name. We further find that the prosecutor is mandated to represent the interests of the child in that paternity action.

Affirmed.

BAKER, J. concurs.

CHEZEM, J., concurs in result.