661 N.E.2d 898 (1996)
In re the Matter of the PATERNITY OF P.L.M., by Next Friend, Christopher MITCHELL.
Penny A. MITCHELL, Appellant-Respondent,
v.
Christopher MITCHELL, Appellee-Petitioner.
No. 06A05-9508-JV-331.
Court of Appeals of Indiana.
February 28, 1996.
Transfer Denied July 18, 1996.
Monty K. Woolsey, Nancy L. Cross, Miroff Cross Ruppert & Klineman, Indianapolis, for Appellant.
Deborah K. Smith, Martin & Smith, Lebanon, for Appellee.

OPINION
SHARPNACK, Chief Judge.
Penny (Mitchell) Charette appeals the trial court's finding that Christopher Mitchell is the natural father of P.L.M. This determination was made in a paternity suit brought by Christopher as next friend of P.L.M. Penny raises three issues for our review which we consolidate into the dispositive issue of whether the trial court erred in permitting Christopher to serve as P.L.M.'s next friend for her paternity suit. We affirm.
*899 The facts relevant to the issue follow. P.L.M. was born on April 16, 1990. On May 4, 1994, Christopher commenced this action as next friend of P.L.M. An evidentiary hearing was conducted on January 13, 1995. Prior to the hearing, Penny filed a motion to dismiss. She alleged that the paternity action was barred because it was not filed within two years of the child's birth and because Christopher failed to contribute sufficient support on behalf of the child to toll the statute of limitations.
Penny's motion to dismiss was denied on February 16, 1995, when the trial court entered its judgment of paternity in favor of Christopher. The trial court found in part:
"4. Christopher Mitchell ... is the father of [P.L.M.].
* * * * * *
10. Christopher Mitchell brought the current action as the next friend of [P.L.M.] and not in his own name, and is a proper next friend designee for this action.
11. Christopher Mitchell did provide support to [P.L.M.] within two years prior to the filing of the current Petition in that he provided multiple gifts to the child during the applicable period."
Record, p. 37. Penny filed a motion to correct errors, which was later denied. Penny then filed a motion to set aside the paternity judgment and to dismiss for want of subject matter jurisdiction. The trial court later entered its order denying Penny's motion. Penny now appeals.
The dispositive issue for our review is whether the trial court erred when it permitted Christopher to serve as P.L.M.'s "next friend" pursuant to Ind.Code § 31-6-6.1-2(a)(4). This statute provides:
"(a) A paternity action may be filed by the following persons:
* * * * * *
(4) A child.
A person under the age of eighteen (18) may file a petition if he is competent except for his age. A person who is otherwise incompetent may file a petition through his guardian, guardian ad litem, or next friend."
I.C. § 31-6-6.1-2(a)(4). I.C. § 31-6-6.1-6(b) states that "[t]he child may file a petition any time before he reaches twenty years of age." I.C. § 31-6-6.1-6(b).
Penny argues that allowing Christopher to file as the child's next friend circumvents the statute of limitations established by I.C. § 31-6-6.1-6(a). This section provides that a mother or a man alleging to be a child's father must file a paternity action within two years after the child is born. Specifically, the statute provides:
"... the mother, a man alleging to be the child's father, ... must file an action within two (2) years after the child is born, unless:
* * * * * *
(2) support has been furnished by the alleged father or by a person acting on his behalf...."
I.C. § 31-6-6.1-6(a). Penny contends that Christopher is prohibited from bringing this suit on behalf of P.L.M. because the statute of limitations prohibits him from bringing the action in his own name. Penny argues that the next friend provision of the statute was not intended to permit putative fathers to circumvent the personal bar by filing an action as next friend of the child. Thus, the question before us is whether a putative father can serve as a child's next friend for purposes of filing a paternity action.
The issue of whether a parent may serve as a child's next friend has been squarely addressed by this court. See Hood v. G.D.H., 599 N.E.2d 237 (Ind.Ct.App.1992). In Hood, the father argued that the mother could not file as the child's next friend because her case was otherwise barred by the applicable two year statute of limitations. In rejecting the father's contention, we stated:
"Here, [the child] filed his petition through his next friend, Elliott, his mother. There is no limitation provided in the statute as to who may act as the child's next friend. [The father's] contention that Elliott and the State were barred by the applicable statutes of limitation from filing a paternity *900 petition is of no consequence since this petition was filed by [the child]."
Id. at 241.
Similar to the situation in Hood, Penny has alleged that the statute of limitations barred Christopher from filing as the child's next friend. Pursuant to Hood, however, there is no limitation in the statute as to who may act as the child's next friend. Moreover, Penny's argument that Christopher was barred from filing in his own name by the statute of limitation is also "of no consequence" here since the petition was filed by the child. See id.
Moreover, in Clark v. Kenley, we held that the interests of the child and the parent are not necessarily the same. Clark v. Kenley, 646 N.E.2d 76, 79 (Ind.Ct.App.1995), trans. denied. In Clark, the mother opposed an action to establish paternity taken by the prosecutor at the request of the father. The mother argued that the father was attempting to circumvent the statute of limitations which would bar the father from bringing the petition in his own name. We rejected the mother's argument, finding that it was in direct contravention to the legislature's stated intent of promoting the establishment of paternity of children born out of wedlock. Id. Further, we quoted Hood in support of the theory that there is no limitation provided in the statute as to who may act as the child's next friend. Id. Therefore, the trial court did not err in determining that Christopher was a proper next friend through which the child filed her petition.
Penny also raises two issues concerning the statute of limitations. First, she argues that the court lacked subject matter jurisdiction to hear the case since the two year statute of limitations had passed. However, Indiana law clearly holds that questions concerning the statute of limitations in paternity actions are affirmative defenses and not jurisdictional issues. Ventura County v. Neice, 434 N.E.2d 907, 912 (Ind.Ct.App. 1982). Moreover, the statute of limitations only barred Christopher from filing in his own name. Here, the petition was filed by the child through her next friend under I.C. § 31-6-6.1-2(a)(4), which does not have a two year statute of limitations. Thus, Penny's challenge to the trial court's denial of her motion to dismiss is based on the erroneous assumption that the paternity action was brought pursuant to I.C. § 31-6-6.1-6(a), which does have the two year statute of limitations. Therefore, the two year statute of limitations did not apply to the child's petition and Penny's argument clearly fails. See Hood, 599 N.E.2d at 241.
Finally, Penny contends the trial court erred in finding that Christopher supported the child. Providing a child with support can toll the statute of limitations and permit a father to file after two years. I.C. § 31-6-6.1-6(a). Penny argues that the court's determination that Christopher supported the child was unfounded. However, we need not address the merits of this issue. The question of whether Christopher provided support is not relevant to this case since the action was filed by the child and not by Christopher. As a consequence, the issue of whether the statute of limitations was tolled by Christopher's support is also irrelevant since the statute of limitations did not apply to the petitioner. Therefore, we find that the trial court did not err in determining Christopher to be a proper next friend for his daughter's paternity petition. For the foregoing reasons, we affirm the trial court's judgment.
AFFIRMED.
RUCKER and DARDEN, JJ., concur.