765 N.E.2d 682 (2002)
In re the PATERNITY OF N.D.J.
N.D.J., by his next friend, Deputy Prosecutor Kelly Morris, Appellant-Petitioner,
v.
K.S.P., and R.L.J., Appellees-Respondents.
No. 17A05-0112-JV-561.
Court of Appeals of Indiana.
April 2, 2002.
Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.
Diane M. Miller, Avilla, IN, Attorney for Appellees.

OPINION
MATHIAS, Judge.
N.D.J., by his next friend, the DeKalb County Prosecutor, filed a petition to establish paternity and child support in the DeKalb Circuit Court. The alleged father ("R.L.J.") filed a motion to dismiss arguing that the petition was time-barred pursuant to Indiana Code section 31-14-5-3. The trial court granted the motion to dismiss. N.D.J., filed a motion to reconsider, which was denied. N.D.J. appeals arguing that the trial court erred when it granted R.L.J.'s motion to dismiss.
We reverse.

Facts and Procedural History
N.D.J. was born on January 13, 1989, to K.S.P. ("Mother"), who was unmarried at the time of N.D.J.'s birth. On July 5, 2001, N.D.J., by his next friend, the DeKalb County Prosecutor, filed a petition to establish paternity alleging that R.L.J. was his father and requesting that a "provision be made for the support, maintenance and related matters of said child." Appellant's App. pp. 9-10.
On July 27, 2001, R.L.J. filed a motion to dismiss the petition with prejudice claiming that the action was time-barred pursuant to Indiana Code section 31-14-5-3 because N.D.J. was over two years old. N.D.J. filed an answer to the motion arguing that the paternity action was timely filed under Indiana Code section 31-14-4-2. After an argument was held on the *683 motion,[1] on September 10, 2001, the trial court dismissed N.D.J.'s petition without prejudice. N.D.J. filed a motion to reconsider, which was denied, and N.D.J. appeals.

Discussion and Decision
N.D.J. argues that the trial court erred when it granted R.L.J.'s motion to dismiss because his petition to establish paternity was timely filed under Indiana Code sections 31-14-5-2 and 31-14-4-2. Indiana Code section 31-14-5-2 states that a child may file a paternity petition at any time before he reaches the age of twenty, and if the child is incompetent, he may file the petition through his guardian, guardian ad litem, or next friend. Ind.Code § 31-14-5-2 (1998). Additionally, Indiana Code section 31-14-4-2(a) provides that "upon the request of" the child or mother, "the prosecuting attorney shall file a paternity action and represent the child in that action." Ind.Code § 31-14-4-2(a) (1998).
R.L.J. argues that under Indiana Code section 31-14-5-3(b), the petition to establish paternity is time-barred because N.D.J. is over two years old and none of the exceptions to that general rule established in the statute apply. Indiana Code section 31-14-5-3(b) provides:
(b) The mother, a man alleging to be the child's father, or the division of family and children or its agents must file a paternity action not later than two (2) years after the child is born, unless:
(1) both the mother and the alleged father waive the limitation on actions and file jointly;
(2) support has been furnished by the alleged father or by a person acting on his behalf, either voluntarily or under an agreement with:
(A) the mother;
(B) a person acting on the mother's behalf; or
(C) a person acting on the child's behalf;
(3) the mother, the division of family and children, or the county office of family and children files a petition after the alleged father has acknowledged in writing that he is the child's biological father;
(4) the alleged father files a petition after the mother has acknowledged in writing that he is the child's biological father;
(5) the petitioner was incompetent at the time the child was born; or
(6) a responding party cannot be served with summons during the two (2) year period.
Ind.Code § 31-14-5-3(b) (1998).
In Clark v. Kenley, 646 N.E.2d 76, 77 (Ind.Ct.App.1995), trans. denied, the Parke County Prosecutor filed a petition to establish paternity of D.D., who was over two years old. The petition was brought in the name of D.D., by his next friend, the Parke County Prosecutor. Id. On appeal, the State conceded that its petition to establish paternity of D.D. was filed at the request of Dale E. Davis Jr., D.D.'s alleged father. Id. at 78. Mother argued that the prosecutor's petition to establish paternity "was nothing more than an attempt by Davis to accomplish indirectly that which he is barred from accomplishing directly."[2]Id.
*684 In addressing Mother's argument, we noted that a child may file a paternity action at any time before his twentieth birthday and that Indiana Code section 31-6-6.1-3[3] provided for representation of the child's interests in a paternity action by a county prosecutor. Id. We also recognized that young children are generally incapable of securing a prosecutor's assistance on their own, and therefore, it is only logical that a parent may seek to make the prosecutor aware of the child's needs or desire to establish paternity. Id. We concluded that "a county prosecutor is mandated by I.C. 31-6-6.1-3 to file a petition at the request of a man alleging to be the father of a child, even if the two-year statute of limitations found in I.C. 31-6-6.1-6(a)[4] has run as to the alleged father's right to bring a paternity action in his own name." Id. Indiana Code section 31-14-4-2 provides the same rights to children, mothers, and fathers as did Indiana Code section 31-6-6.1-3 in 1995. Under the facts and circumstances before us, we believe that Clark is controlling precedent in this case.
Indiana Code section 31-14-5-3 applies only to "the mother, a man alleging to be the child's father, or the division of family and children or its agents." Ind.Code § 31-14-5-3 (1998). In this case, a DeKalb County Deputy Prosecutor, as next friend of N.D.J., filed a petition to establish paternity naming both Mother and R.L.J. as Respondents. The petition was brought in the name of N.D.J., who was twelve years old at the time the petition was filed. The prosecuting attorney properly filed this paternity action in the name of N.D.J. as his next friend pursuant to Indiana Code sections 31-14-4-2 and 31-14-5-2. Therefore, the trial court erred when it granted R.L.J.'s motion to dismiss.
Reversed.
BARNES, J., and KIRSCH, J., concur.
NOTES
[1] By agreement of the parties, the argument was held off the record.
[2] D.D. was over two years old at the time the petition was filed; therefore, Davis was time-barred from filing a paternity action in his own name under Indiana Code section 31-6-6.1-6(a), now Indiana Code section 31-14-5-3.
[3] Now Indiana Code § 31-14-4-2 (1998).
[4] Now Ind.Code § 31-14-5-3 (1998).