Elizabeth BAKER and Terry Baker, Appellants,

v.

Donne LEE, Appellee.

No. 36A01–0807–CV–340.

Court of Appeals of Indiana.

Feb. 19, 2009.

Joseph Leon Payne, Joseph L. Payne, P.C., Austin, IN, Attorney for Appellants.

Kerry Thompson, Houston and Thompson, P.C., Scottsburg, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

J.M.M., J.W.M., and M.M. ("the Children") are the biological grandchildren of Appellant Elizabeth Baker, the paternal grandmother, and Appellee Donnie Lee, the maternal grandfather ("Lee"). Subsequent to the adoption of the Children by Elizabeth and her husband, Appellant Ter-

ry Baker (collectively, "the Bakers"), the Jackson Circuit Court entered an order permitting Lee visitation with the Children. The Bakers appeal. We affirm.

### Issue

The Bakers present two issues, which we have consolidated and restated as a single issue: whether the trial court erred in concluding that Lee had standing to pursue his right to grandparent visitation with the Children after their adoption by the Bakers.

### Facts and Procedural History

J.M.M. was born on February 14, 1995; J.W.M. was born on January 18, 1998; and M.M. was born on January 30, 2002. Their parents were incarcerated on multiple occasions because of their substance abuse. During December of 2004, the Bakers received guardianship over the Children and permitted Lee visitation on an informal basis.

A formal visitation order benefitting Lee was first entered by the Scott Circuit Court on March 14, 2007. The matter was set for review in May of 2007. Prior to the scheduled May hearing, the Bakers requested and were granted a change of judge. The parties reached an agreement regarding visitation and, on September 6, 2007, the Scott Circuit Court entered an order approving the agreement. On September 14, 2007, Lee's visitation time with the Children was slightly expanded.

Two months later, on November 20, 2007, the Bakers adopted the Children by order of the Jackson Circuit Court. Lee filed a Petition for Grandparent Visitation in the Jackson Circuit Court on February 21, 2008. The Scott Circuit Court entered an order formally terminating the guardianship proceedings on March 13, 2008.

The Bakers filed a motion to dismiss Lee's petition, and a hearing was held on May 16, 2008. The motion to dismiss was denied, and the parties proceeded to an evidentiary hearing on June 23, 2008. On June 30, 2008, the Jackson Circuit Court entered an order providing in pertinent part:

> The Court considers that Donnie Lee's right to see his grandchildren first ordered on March 14, 2007 by Judge Duvall and affirmed and modified by Judge Hoying, on September 14, 2007 (after the present Respondents took a change of judge) cannot be defeated by the legal gymnastics this case exemplifies. Mr. [Lee's] right to see his grandchildren survives the adoption of those children by Mr. and Mrs. Baker.

(App.4.) Because of the geographical distance involved after the Bakers moved to Florida, the visitation was ordered to take place as follows: seven weeks of the school summer vacation and one week on the school winter vacation.

### Discussion and Decision

The Bakers filed an Indiana Trial Rule 12(B)(6) motion to dismiss Lee's petition for failure to state a claim upon which relief could be granted. They contended that Lee lacked standing to pursue visitation with the Children after the adoption because (1) he was no longer a "grandfather," and (2) he had not previously established visitation rights under the Grandparent Visitation Act, Indiana Code Section 31–17–5–1 et seq. ("the GVA").[1]

---

1. Indiana Code Section 31–17–5–1 provides in pertinent part:

   A child's grandparent may seek visitation rights if:

   (1) the child's parent is deceased;

   (2) the marriage of the child's parents has been dissolved in Indiana; or

   (3) subject to subsection (b), the child was born out of wedlock.

The motion to dismiss was denied, and the parties proceeded to a hearing at which the Bakers presented testimony highlighting alleged difficulties with past visitations. On appeal from the order for visitation, they reiterate their standing argument, contending that Lee's petition in the Jackson County Circuit Court should have been dismissed because he is no longer the Children's legal grandparent and he lacked pre-existing GVA visitation.[2]

■ The standard of review of a trial court's grant or denial of a motion to dismiss for failure to state a claim is de novo, because a pure question of law is involved. *Carr v. Pearman,* 860 N.E.2d 863, 868 (Ind.Ct.App.2007), *trans. denied.* In reviewing a Trial Rule 12(B)(6) motion to dismiss, we look at the complaint in the light most favorable to the plaintiff, with every inference drawn in his or her favor, to determine if there is any set of allegations under which the plaintiff could be granted relief. *King v. S.B.,* 837 N.E.2d 965, 966 (Ind.2005). A dismissal under Rule 12(B)(6) is rarely appropriate. *Id.* Such is the case here, where Lee asserted that he had pre-adoption grandparent visitation rights, which in some cases survive adoption by a relative.

Indiana Code Section 31–17–5–9 provides in relevant part: "Visitation rights provided for in section 1 or 10 of this chapter [GVA] survive the adoption of the child by any of the following: ... (2) A person who is biologically related to the child as: (A) a grandparent[.]" The Bakers concede that Elizabeth is a biological grandparent of the Children, but argue that the foregoing statute has no applicability in this case because Terry Baker is not biologically related to the Children.

■ The interpretation of a statute is a question of law reserved for the courts. *Benford v. Marvel,* 842 N.E.2d 826, 829 (Ind.Ct.App.2006). Our initial inquiry is whether the statute is clear and unambiguous on its face. *Maroney v. State,* 849 N.E.2d 745, 748 (Ind.Ct.App.2006). If it is, we will not interpret the statute but will hold the statute to its clear and plain meaning. *Id.* If construction is warranted because the statute is susceptible to more than one interpretation, we must ascertain the legislative intent and interpret the statute so as to effectuate that intent. *Id.*

We find that Indiana Code Section 31–17–5–9 clearly permits grandparent visitation to survive adoption of a child by another biological grandparent. The legislature did not carve out an exception for an adoptive biological grandparent who is married to a non-relative of the adoptee(s). It is logical to assume that many, possibly most, adoptive parents have a spouse who is also an adopting parent. In essence, the Legislature did not require that every party to the adoption be related to the adopted child or children.

Moreover, we have long recognized that our Legislature intended to extend special protection to existing grandparent/grandchild ties in providing for post-adoptive visitation. In *Bailey v. Menzie,* 542 N.E.2d 1015 (Ind.Ct.App.1989), we observed:

> The Legislature has obviously chosen to alter its course in family law. No longer can we employ, as we were once so fond of doing, that botanical analogy between the consequences of an adoption and tree surgery to the effect that "a decree of adoption severs the child from its own

---

**2.** Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit and generally focuses upon whether the complaining party is the proper person to invoke the court's power. *In re Guardianship of K.T.,* 743 N.E.2d 348, 350 (Ind.Ct.App.2001).

family tree and engrafts it upon that of another." *In re Adoption of Bryant v. Kurtz* (1963), 134 Ind.App. 480, 487–88, 189 N.E.2d 593, 597; ... Seemingly, the Legislature has recognized a difference between an adoption in the traditional sense of a wholly new family unit and adoption where the new family unit contains a natural parent and a former stepparent. In the former it is imperative that most all ties be dissolved while in the latter case the [Grandparent Visitation] Act accepts implicitly the position that certain biological ties are worthy of respect. That is, as we recognized even before the Legislature provided a formal procedure, in the proper circumstances, grandparental influence upon a former grandchild through visitation rights can be a precious component of successful child rearing.

*Id.* at 1017–18.

The Bakers also contend that Lee's visitation was not "grandparent visitation" under the GVA and so could not survive the adoption because the pre-existing visitation order originated in the trial court overseeing the (subsequently terminated) guardianship. We find this argument to be a disingenuous attempt to defeat Lee's rights as a grandparent.

It is because Lee is a grandparent of children born out of wedlock, and thus a qualifying relative under the GVA, that he was able to seek and obtain an order from the Scott Circuit Court for visitation with the Children. *See* Ind.Code § 31–17–5–1(a)(3). *See also In re Guardianship of J.E.M.*, 870 N.E.2d 517, 519 (Ind.Ct.App. 2007) (recognizing "we have consistently held that the GVA is the exclusive method for grandparents to seek visitation with their grandchildren and that there is no longer an independent common law right for grandparents to seek visitation.").

The visitation order from the guardianship court, grounded in Lee's statutory right to seek grandparent visitation, predated the adoption. The GVA right to visitation is survivable, Ind.Code § 31–17–5–9, and the Jackson Circuit Court did not err in its recognition that Lee's grandparent visitation could continue after the biological relative adoption.

Affirmed.

MATHIAS, J., and BARNES, J., concur.