**In re the Matter of the ADOPTION OF E.L., Minor Child and**

**In re the Paternity of E.L., b/n/f, R.J.**

**R.J., Appellant–Respondent,**

**v.**

**V.N., Appellee–Petitioner.**

**No. 49A05–0902–CV–152.**

Court of Appeals of Indiana.

Oct. 5, 2009.

Denise F. Hayden, Indianapolis, IN, Attorney for Appellant.

Julianne Cartmel, Indianapolis, IN, Attorney for Appellee.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

R.J., the putative father of E.L., filed a paternity petition on his own behalf and on behalf of E.L. to establish his paternity of E.L. The trial court, after consolidating the paternity petition with a pending adoption matter, dismissed the paternity petition. R.J. appeals and raises two issues, which we consolidate and restate as whether the trial court properly dismissed the paternity petition. Concluding dismissal was proper with respect to co-petitioner R.J. but improper with respect to co-petitioner E.L., we affirm in part, reverse in part, and remand.

*Facts and Procedural History*

The relevant facts are not disputed. E.L. was born on June 20, 2004, to V.N. At the time of E.L.'s conception and birth, V.N. was unmarried. No father was listed on E.L.'s birth certificate, and paternity has not since been established in a paternity proceeding or by paternity affidavit.

V.N. and R.J. had a relationship, and based on a "paternity test" taken shortly after E.L.'s birth, they believed R.J. was the father. Appellant's Appendix at 82.

During E.L.'s first year, R.J. cared for E.L. two nights per week, but R.J. neither resided with E.L. and V.N. nor provided financial support for E.L. R.J.'s mother frequently purchased clothing for E.L. during E.L.'s early months but moved to Florida when E.L. was six months old. In 2006, R.J. moved to Florida and ceased having regular contact with E.L. V.N. married J.N. on January 29, 2006, and E.L. has resided with V.N. and J.N. ever since.

On May 7, 2007, J.N. filed a petition to adopt E.L. with V.N.'s consent to the adoption attached. V.N. contacted R.J. and requested his consent to the adoption, but R.J., who had since returned to Indianapolis, refused consent.

On May 21, 2007, R.J. filed a paternity petition on his own behalf and on behalf of E.L., naming himself and E.L. as "Co-Petitioners." *Id.* at 30. The petition requested the trial court find R.J. to be the father of E.L. and determine R.J.'s parenting time and child support obligation. The trial court consolidated the paternity matter with the adoption matter under the adoption case number.

On November 20, 2007, the trial court appointed a guardian ad litem ("GAL") to represent E.L.'s interests. The GAL filed a report on April 18, 2008, recommending that J.N.'s adoption petition be denied and paternity established in R.J.

On April 29, 2008, V.N. orally moved the trial court to dismiss the paternity petition on the ground R.J. was barred by Indiana statute from petitioning for paternity. On October 14, 2008, the trial court held a hearing on the motion to dismiss at which the parties stipulated to submitting the case by written briefs. Four days later, V.N. filed a Putative Father Registry Affidavit from the Indiana State Department of Health showing that as of October 16, 2008, no person had registered as E.L.'s putative father with the Indiana Putative Father Registry.

On February 18, 2009, the trial court entered its "Order Dismissing Paternity Cause." *Id.* at 15. The caption to this order listed E.L., by next friend R.J., and R.J. as "Co–Petitioners" in the paternity matter. *Id.* An "Amended Order Dismissing Paternity Cause" was entered on April 22, 2009, to correct typographical errors in the original order but was identical in all other respects. R.J. now appeals.

*Discussion and Decision*

### I. Standard of Review

We treat V.N.'s oral motion to dismiss, the precise contents of which are not in the record, as a motion to dismiss for lack of standing under Indiana Trial Rule 12(B)(6). *See In re Paternity of R.J.S.,* 886 N.E.2d 611, 614 (Ind.Ct.App.2008). In reviewing a Rule 12(B)(6) dismissal, we look at the petition in the light most favorable to the petitioner, with every reasonable inference drawn in his or her favor. *Baker v. Lee,* 901 N.E.2d 1107, 1109 (Ind. Ct.App.2009). We will affirm the dismissal only if the petitioner would not be entitled to relief under any set of allegations. *Id.* The legal sufficiency of a petition is a question of law that we review de novo. *Id.*

### II. Dismissal as to R.J.

As basis of its dismissal, the trial court relied on Indiana Code section 31–19–9–12(1), under which a putative father's consent to adoption is implied if the putative father fails to file within thirty days' notice of the adoption petition "(A) a motion to contest the adoption . . .; and (B) a paternity action. . . ." The trial court interpreted this statute to mean consent to adoption is implied if the putative father fails in either respect, that is, fails to file either a paternity petition *or* a motion contesting

adoption within the required time. Noting that R.J. filed a paternity petition within thirty days of J.N.'s adoption petition, but did not file a separate motion contesting the adoption, the trial court concluded R.J.'s consent to the adoption was implied under this section and, therefore, R.J. was barred from petitioning for paternity by Indiana Code section 31–19–9–14.[1]

Thereafter, on June 26, 2009, our supreme court held Indiana Code section 31–19–9–12(1) authorizes a court to find implied consent to adoption only when a putative father "fails in *both* respects," that is, fails to timely file *both* a motion contesting adoption and a paternity petition. *In re Adoption of Unborn Child of B.W.*, 908 N.E.2d 586, 592 (Ind.2009) (emphasis original). Because R.J. timely filed a paternity petition, his failure to file a motion contesting adoption does not imply consent to adoption under Indiana Code section 31–19–9–12(1) and therefore does not bar him from petitioning for paternity pursuant to Indiana Code section 31–19–9–14. The trial court's interpretation of section 31–19–9–12(1) is incorrect in light of *In re B.W.*, so we examine other Indiana statutes to determine whether R.J. is barred from petitioning for paternity.

■ Indiana Code chapter 31–19–5 governs Indiana's Putative Father Registry and imposes registration requirements for putative fathers who wish to contest their child's adoption or petition for paternity while the adoption is pending. To determine whether these requirements apply to R.J., we first determine whether R.J. is a putative father within the statutory meaning of that phrase. The phrase "putative father" is defined as a person "who is alleged to be or claims that he may be a child's father" but "is not presumed to be the child's father under IC 31–14–7–1(1) or IC 31–14–7–1(2)" and has not established paternity in a court proceeding or by a paternity affidavit before the filing of an adoption petition. Ind.Code § 31–9–2–100.[2] Indiana Code section 31–14–7–1(1) affords a presumption of paternity for a man married to the child's mother when the child was born or conceived, and section 31–14–7–1(2) affords the same presumption if the man and the child's mother attempted to marry but the marriage was

---

1. Indiana Code section 31–19–9–14 provides, "[a] putative father whose consent to adoption of a child is implied under this chapter ... is not entitled to establish paternity under IC 31–14." This bar applies only while the adoption is pending. *See* Ind.Code § 31–19–9–17(c) ("An individual who is otherwise barred from establishing paternity under this article may establish paternity in relation to a child if an adoption ... is not pending or contemplated.").

2. In dicta our supreme court defined the phrase "putative father" as:

a person who "is alleged to be or claims that he may be a child's father," but who is not statutorily presumed to be the child's father by reason of marriage, attempted marriage, *genetic testing*, or having received the child into his home and openly held out the child as his biological child pursuant to Indiana Code §§ 31–14–7–1(1), –1(2), and for whom paternity of the child has not been established in a court proceeding or by executing a paternity affidavit.

*B.W.*, 908 N.E.2d at 587 n. 2 (quoting Ind. Code § 31–9–2–100) (emphasis added). The emphasized language excludes from the definition of putative father, in apparent reference to Indiana Code section 31–14–7–1(3), a man presumed to be the child's biological father by reason of genetic testing. In this case a "paternity test" arranged by V.N. and R.J. shortly after E.L.'s birth showed R.J. is E.L.'s father. Appellant's App. at 82. The parties have not litigated, and the trial court made no finding, as to whether this was a genetic test sufficient to support a presumption under Indiana Code section 31–14–7–1(3) that R.J. is E.L.'s biological father. In any event, R.J. does not argue such a presumption would mean he is not a putative father or otherwise not subject to the putative father registration requirements.

later determined void or voidable. Here, R.J. has not established paternity in a court proceeding or by executing a paternity affidavit. Neither is R.J. presumed to be E.L.'s father under Indiana Code sections 31–14–7–1(1) or –1(2) because R.J. never married or attempted to marry V.N. Therefore, R.J. is E.L.'s putative father and subject to the registration requirements of Indiana Code chapter 31–19–5.

A putative father who fails to register with the Putative Father Registry within the time specified by Indiana Code section 31–19–5–12 "waives notice of an adoption proceeding" and "[t]he putative father's waiver under this section constitutes an irrevocably implied consent to the child's adoption." Ind.Code § 31–19–5–18; *see also* Ind.Code § 31–19–9–12(4) (consent to adoption implied if putative father "is required to but fails to register with the putative father registry . . . within the period under IC 31–19–5–12"). The registration deadline is the later of: "(1) thirty (30) days after the child's birth; or (2) the earlier of the date of the filing of a petition for the: (A) child's adoption; or (B) termination of the parent-child relationship between the child and the child's mother." Ind.Code § 31–19–5–12(a). When consent to adoption is implied by failure to timely register, the putative father is precluded from establishing paternity. Ind.Code § 31–19–9–14 ("A putative father whose consent to adoption . . . is implied under . . . IC 31–19–5–18 is not entitled to establish paternity under IC 31–14."). If, however, an adoption is no longer "pending or contemplated," the bar on establishing paternity is lifted. *See* Ind.Code § 31–19–9–17(c).[3]

■ It is undisputed, and the record shows, that R.J. had not registered as E.L.'s putative father when the adoption petition was filed, which was the relevant deadline under Indiana Code section 31–19–5–12(a). The Department of Health affidavit showed no one had registered as E.L.'s putative father as of October 16, 2008, more than seventeen months later. By operation of statute, R.J.'s failure to register as a putative father "constitutes an irrevocably implied consent to [E.L.'s] adoption." Ind.Code § 31–19–5–18. Moreover, because R.J.'s consent is implied, he "is not entitled to establish paternity" while the adoption is pending. Ind. Code § 31–19–9–14.

R.J. argues that because he timely filed a paternity petition, "the issues concerning any filing with the Putative Father Registry . . . would be moot." Appellant's Brief at 7. R.J.'s failure to register as a putative father is not excused by his filing a paternity petition. Under Indiana Code section 31–14–20–1(b), a man who files a paternity action "shall register with the putative father registry . . . within the period provided under IC 31–19–5–12." Moreover, "[t]he filing of a paternity action by a putative father does not relieve the putative father from the: (1) obligation of registering; or (2) consequences of failing to register . . . unless paternity has been established before the filing of the petition for adoption of the child." Ind.Code § 31–19–5–6(b).

Moreover, even if R.J. had timely registered with the putative father registry, his instant petition for paternity is likely time-barred. Indiana Code section 31–14–5–3(b) sets forth time limits for the filing of a paternity petition by "[t]he mother, a man

---

**3.** In *In re Adoption of Infant Female Fitz,* 778 N.E.2d 432 (Ind.Ct.App.2002), for example, we interpreted Indiana Code section 31–19–9–17(b) as removing the implied-consent bar to petitioning for paternity if an adoption is dismissed or otherwise "falls through." *Id.* at 438.

alleging to be the child's father, or the department or its agents." The general time limit is "not later than two (2) years after the child is born," subject to six exceptions. *Id.*[4] Here, R.J. did not file his paternity petition until May 21, 2007, well over two years after E.L. was born on June 20, 2004. None of the exceptions to the two-year limitation appear applicable, and R.J. does not argue that any apply. Notably, R.J. does not qualify under the exception where "support has been furnished by the alleged father or by a person acting on his behalf," Ind.Code § 31–14–5–3(b)(2), and the paternity petition is filed within two years after support ceases, Ind. Code § 31–14–5–3(c). R.J. never "provided financial support or supplies" to V.N. Appellant's App. at 78. Although R.J.'s mother "frequently purchased nice clothing for [E.L.]," R.J.'smother moved to Florida about six months after E.L. was born, *id.*, and presumably the frequent purchases ceased then, near the end of 2004. Therefore, even if R.J.'s mother's provision of clothing could be considered support furnished for E.L. on R.J.'s behalf, it would not trigger the statutory exception because R.J.'s petition was not filed by the end of 2006, two years after the support presumably ceased.

For all the foregoing reasons, the trial court properly dismissed R.J.'s paternity petition insofar as it was filed in his name and on his behalf.[5]

### III. Dismissal as to E.L.

■ We next address whether the trial court properly dismissed the paternity petition as to E.L., co-petitioner by next friend R.J. A minor child who is incompetent to petition for paternity on his or her own is entitled to petition by next friend. "A paternity action may be filed by ...: (5)[a] child." Ind.Code § 31–14–4–1. Moreover, a person incompetent to file a paternity petition on his or her own "may file a petition through the person's guardian, guardian ad litem, or next friend." Ind.Code § 31–14–5–2(a); *R.J.S.*, 886 N.E.2d at 614. E.L. is five years old and accordingly incompetent to petition for paternity on her own. Therefore, she is statutorily entitled to petition by next friend.

Although Indiana has no statutory definition of "next friend," this court has held a putative father is a proper next friend for purposes of a paternity petition. In *In re Paternity of P.L.M.*, 661 N.E.2d 898 (Ind.Ct.App.1996), *trans. denied*, the putative father filed a paternity petition as next

---

4. The exceptions are: (1) the mother and putative father waive the time limitation and petition jointly; (2) "support has been furnished by the alleged father or by a person acting on his behalf;" (3) the mother, the department, or the county office of family and children petitions after the putative father has acknowledged his paternity in writing; (4) the putative father petitions after the mother has acknowledged his paternity in writing; (5) the petitioner was incompetent when the child was born; or (6) a respondent cannot be served with summons during the two-year period. Ind.Code § 31–14–5–3(b). If the condition triggering the exception ceases to exist, the paternity petition "must be filed not later than two (2) years after the condition ... ceases to exist." Ind.Code § 31–14–5–3(c).

5. The trial court also properly concluded that R.J. impliedly consented to the adoption of E.L by J.N. We remind the parties that the trial court cannot approve the proposed adoption unless it first finds the adoption is in E.L.'s best interest. *See* Ind.Code § 31–19–11–1(a)(1). The GAL appointed to represent E.L.'s interests has objected to such a finding, meaning the adoption is by no means a foregone conclusion, and whether paternity can be established in R.J. is a live controversy between the parties. We emphasize that the GAL has a continuing responsibility, on remand, to advocate E.L.'s best interest and to continue to object to any proposed adoption that the GAL finds to be not in E.L.'s best interest.

friend on behalf of P.L.M., and the mother appealed the trial court's finding of paternity, raising as the dispositive issue whether the trial court properly permitted the putative father to serve as P.L.M.'s next friend. *Id.* at 898. We concluded the putative father was a proper next friend, noting prior precedent that a mother could serve as next friend and reasoning "there is no limitation in the statute as to who may act as the child's next friend," notwithstanding statutory time limitations on a petition filed in the parent's own name. *Id.* at 899–900 (citing *Hood v. G.D.H.*, 599 N.E.2d 237 (Ind.Ct.App.1992)). More recent cases have concluded that certain blood relatives other than parents were not proper next friends, while reaffirming that a putative father is a proper next friend who may file a paternity petition on the child's behalf. *See R.J.S.*, 886 N.E.2d at 615–16 & n. 3 (concluding alleged grandparents were not proper next friends, but stating that a putative father is a proper next friend); *Jemerson v. Watterson*, 877 N.E.2d 487, 491–92 (Ind.Ct.App.2007) (concluding aunt and uncle were not proper next friends when their guardianship of child had been dissolved, but stating child's putative father was proper next friend). Accordingly, R.J. is a proper next friend by whom E.L. is entitled to initiate a paternity action.

■ Moreover, our precedents indicate the fact R.J. is time-barred from petitioning in his own name does not preclude him from filing a petition as next friend on behalf of E.L. As noted above, the time limitation of Indiana Code section 31–14–5–3(b) does not apply when the child is the petitioner. Rather, under Indiana Code section 31–14–5–2(b), "a child may file a paternity petition at any time before the child reaches twenty (20) years of age." Our cases have "held that where an adult files a paternity action as a child's next friend, this twenty-year time limitation for filing … applies, and not the much shorter limitation periods that would apply if the adult was filing … on his or her own behalf." *R.J.S.*, 886 N.E.2d at 614 n. 2. In *P.L.M.*, for example, we specifically rejected the argument that a putative father, because he was time-barred from petitioning on his own behalf, could not file a petition as next friend on behalf of the child. 661 N.E.2d at 899–900. Again, in *In re Paternity of K.L.O.*, 816 N.E.2d 906 (Ind.Ct.App.2004), we concluded the mother properly filed a paternity petition as next friend on behalf of her child notwithstanding the statute of limitations would have barred the mother from petitioning on her own behalf. *Id.* at 908.

Ultimately, the trial court erred in dismissing the paternity petition with respect to E.L. because no Indiana statute sets forth applicable grounds for dismissing a paternity petition filed on behalf of a minor child by a next friend. No such ground is supplied by Indiana Code section 31–19–9–14, which provides, "[a] putative father whose consent to adoption of a child is implied … is not entitled to establish paternity under IC 31–14." This code section refers only to the rights of the putative father, not the rights of the child. Moreover, it does not say a putative father whose consent to adoption is implied may not be adjudicated the father in pre-adoption proceedings. Accordingly, the plain language barring such a putative father from petitioning on his own behalf does not affect the child's right to petition for paternity as specifically provided by Indiana Code section 31–14–4–1(5).

We acknowledge the apparent anomaly that a putative father barred by one statutory section from petitioning for paternity on his own behalf may nevertheless succeed in filing, under a different statutory section, substantially the same petition as

next friend on behalf of the child. Yet where two statutes appear inconsistent in some respect, we must give effect to both if possible. *B.W.*, 908 N.E.2d at 592. Moreover, the general assembly, when revising the adoption and paternity statutes in 1997, did not alter the provision allowing a child to petition for paternity by next friend, but instead recodified it. *Compare* Ind.Code § 31–6–6.1–2(a)(4) (1996), *with* Ind.Code § 31–14–5–2 (1997). The general assembly did so notwithstanding the line of cases that, since 1992 when we decided *G.D.H.*, 599 N.E.2d 237, have permitted a parent barred from petitioning for paternity on his or her own behalf to file a paternity petition as next friend on behalf of the child. *See id.* at 241. We see no reason, therefore, to depart from these precedents.

### Conclusion

The trial court properly dismissed the paternity petition as filed by R.J. on his own behalf but erred in dismissing the petition as filed on behalf of E.L. The trial court's dismissal is affirmed with respect to co-petitioner R.J. and reversed with respect to co-petitioner E.L., and the case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

DARDEN, J., and MATHIAS, J., concur.

