# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 23 2018, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jonathan D. Harwell
Harwell Legal Counsel LLC
Indianapolis, Indiana

AMICUS CURIAE

Ron Mitchell
Jeffersonville, Indiana

ATTORNEY FOR APPELLEES

Jennifer Hanley
Hanley Myhls Attorneys at Law
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.B. and P.B.,

*Appellants-Petitioners*,

v.

J.V. and K.V.,

*Appellees-Respondents*.

May 23, 2018

Court of Appeals Case No.
49A02-1712-MI-2754

Appeal from the Marion Superior Court

The Honorable John M.T. Chavis, II, Judge

Trial Court Cause No.
49D05-1708-MI-31048

**Brown, Judge.**

[1] J.B. and P.B. (together, "Grandparents") appeal the trial court's dismissal of their petition for grandparent visitation and denial of their motion to correct error. We affirm.

*Facts and Procedural History*

[2] L.D. was born in November 2003, and E.D. was born in April 2005. P.B. is the biological mother of the children's biological father and J.B. is married to P.B. The children's father, P.B.'s son, died in December 2011. The children were subsequently placed in the care of J.V. and K.V. (together, "Adoptive Parents"), the maternal aunt and uncle of the children.

[3] On September 25, 2013, Adoptive Parents filed a petition for adoption under cause number 49D08-1309-AD-36107 ("Cause No. 107"). On October 7, 2013, Grandparents filed a motion to contest and cross-petition for adoption. In their cross-petition, Grandparents alleged that they are the children's paternal grandparents and that "the adoptive children's siblings, from the same father but different mother, currently reside with [Grandparents] and would be reunited with the children." Appellees' Appendix Volume 2 at 9. They also alleged that the father of the adoptive children is deceased and that, "[d]uring his life and for a period of time after his death the adoptive children resided with [Grandparents]." Id.

[4] On April 30, 2014, the court issued an order stating that it had held a hearing on the petitions for adoption on March 24 and 25, 2013, and denying Grandparents' cross-petition for adoption. Neither party states that an appeal

of that decision was filed. On June 19, 2014, the court entered a Final Adoption Decree stating that a final hearing on Adoptive Parents' petition for adoption was held on that day and ordering that the children be adopted by Adoptive Parents. In the Decree the court found that the children were wards of the Marion County Department of Child Services and had resided with Adoptive Parents since December of 2012 and that on September 18, 2013, the children's mother consented to the children's adoption by Adoptive Parents.

[5] On August 11, 2017, Grandparents filed a petition for grandparent visitation in the cause from which this appeal arises. Grandparents' petition alleged that, since the adoption, Adoptive Parents have refused to permit them any visitation, and that prior to the children's father's death in December 2011, he had custody of the children and Grandparents regularly had visits with them. The petition also alleged that after December 2011 Grandparents regularly had visits with the children for two years at the Children's Bureau; that Grandparents have continuously attempted communication with the children and their attempts have been endlessly obstructed; and that Grandparents have had a meaningful relationship with the children and for years exercised consistent visitation with them. An entry in the chronological case summary dated September 19, 2017, provides "[c]ounsel to provide case law or statutory support for grandparent visitation in an adoption case, where the visitation requested is post-adoption proceeding and the parent was deceased prior to the conclusion of the contested adoption," and Grandparents subsequently filed a notice of statutory authority for grandparent visitation, citing Ind. Code § 31-17-

5-1(a)(1), Ind. Code § 31-17-5-9(2), and *Baker v. Lee*, 901 N.E.2d 1107 (Ind. Ct. App. 2009). Appellants' Appendix Volume 2 at 4.

[6] On October 16, 2017, the court entered an order which states it "now denies the petition [for grandparent visitation] and rules that this case be dismissed with prejudice for lack of standing." *Id*. at 12. The order states that the children were adopted by Adoptive Parents in 2014; Grandparents did not petition for grandparent visitation until August 11, 2017; and "there were no previous orders of grandparent visitation issued prior to the date of the adoption" and, as such, Grandparents were without standing to pursue grandparent visitation. *Id*. Grandparents filed a motion to correct error, which included an attached exhibit containing visitation records from the Children's Bureau, and argued that they had engaged in visitation for nearly two years prior to Adoptive Parents' unilateral termination of visitation. The court denied the motion to correct error.

## *Discussion*

[7] The issue is whether the trial court erred in dismissing Grandparents' petition or abused its discretion in denying their motion to correct error. We review rulings on motions to correct error for an abuse of discretion. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied*. We review a trial court's dismissal for failure to state a claim *de novo* as it involves a question of law. *See Baker*, 901 N.E.2d at 1109. Grandparents historically had no common-law right to visitation with their grandchildren.

*Jocham v. Sutliff*, 26 N.E.3d 82, 85 (Ind. Ct. App. 2015), *trans. denied*.

Grandparent visitation is governed by Ind. Code §§ 31-17-5, which is the exclusive basis for a grandparent to seek visitation. *Id.* Because the grandparent visitation statutes were enacted in derogation of the common law, they must be strictly construed. *Id.* To seek visitation rights, a grandparent must have standing as prescribed by the statutes; otherwise, the petition must be dismissed as a matter of law. *Id.*

[8] Ind. Code § 31-17-5-1(a) provides: "A child's grandparent may seek visitation rights if: (1) the child's parent is deceased; (2) the marriage of the child's parents has been dissolved in Indiana; or (3) subject to subsection (b), the child was born out of wedlock."[1] Ind. Code § 31-9-2-77 provides that "'[m]aternal or paternal grandparent', for purposes of IC 31-17-5, includes: . . . the parent of the child's parent." Ind. Code § 31-17-5-3(a) provides that "[a] proceeding for grandparent's visitation must be commenced by the filing of a petition" and describes the information the petition must include. Ind. Code § 31-17-5-3(b) provides: "A petition described in subsection (a) must be filed prior to the date a decree of adoption is entered."[2] Ind. Code § 31-17-5-9 provides: "Visitation rights provided for in section 1 or 10[3] of this chapter survive the adoption of

---

[1] Ind. Code § 31-17-5-1(b) provides: "A court may not grant visitation rights to a paternal grandparent of a child who is born out of wedlock under subsection (a)(3) if the child's father has not established paternity in relation to the child."

[2] Subsection (b) was enacted by Pub. L. No. 16-2017, § 1 (eff. Jul. 1, 2017).

[3] Ind. Code § 31-17-5-10 is applicable where the marriage of the child's parents has been dissolved in another state.

the child by any of the following: . . . (2) A person who is biologically related to the child as: . . . (C) an aunt; [or] (D) an uncle . . . ."

[9] Grandparents argue that, although their petition for visitation was not filed prior to the decree of adoption, at the time of the decree they were seeking to adopt the children and contesting the Adoptive Parents' petition for adoption. They argue that they did not know before the adoption decree was entered who would be granted adoption of the children. Grandparents further argue that, prior to the decree of adoption, they did not need to seek grandparent visitation as they had been engaging in visits with the children for over two years and had no reason to believe those visits would stop if they did not obtain custody in the adoption proceedings. Ron Mitchell filed a brief as amicus curiae in support of Grandparents' position that Grandparents have standing to seek grandparent visitation subsequent to the adoption of the children by their aunt and uncle and argues in part that Ind. Code § 31-17-5-3(b) has no application as the decree of adoption in this case occurred before subsection (b) was added to the statute.

[10] Adoptive Parents respond that they became the legally-recognized parents of the children on June 19, 2014, and that P.B. was no longer the grandmother of the children after that date. They argue that P.B. had notice of the adoption and "failed to make her request for grandparent visitation at any point during the almost two months before the adoption of the children by [Adoptive Parents] was granted" and that, "[h]ad she done so, she perhaps would have obtained a court order for visitation that might have survived the adoption." Appellees' Brief at 8.

[11] We observe that Ind. Code § 31-17-5-3(b) became effective on July 1, 2017, after the decree of adoption was entered in 2014 under Cause No. 107. *See* Pub. L. No. 16-2017, § 1 (eff. Jul. 1, 2017). Thus, at the time the decree of adoption was entered and during the adoption proceedings under Cause No. 107 in which Grandparents participated, subsection (b) was not a part of Ind. Code § 31-17-5-3. Generally, statutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect as well. *Indiana Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 385 (Ind. Ct. App. 2017) (citations omitted). However the case law interpreting Ind. Code § 31-17-5-9, in effect since 1997, is clear that visitation rights must be established prior to a decree of adoption in order to "survive" the adoption of the child. *See Jocham*, 26 N.E.3d at 86-88 (observing that Sutliff as the child's biological grandparent had no existing grandparent visitation rights at the time of the adoption and holding that, "[b]ecause Sutliff had not sought visitation rights pursuant to section 31-17-5-1 prior to the adoption, no right to visitation had already been given by a court, and she had no visitation rights for section 31-17-5-9 to protect"); *see also In re Visitation of M.L.B.*, 983 N.E.2d 583, 585 (Ind. 2013) (noting that, "[b]ecause the visitation order had been issued first, it survived termination of the Father's rights under Indiana Code section 31-17-5-9"); *Baker*, 901 N.E.2d at 1108 (noting the trial court entered an order approving of grandparent visitation prior to the adoption of the children and that the right to visitation survived the adoption pursuant to Ind. Code § 31-17-5-9). Grandparents had notice of the denial of the cross petition for adoption for nearly two months prior to the decree of adoption entered in favor of

Adoptive Parents and did not file a petition for grandparent visitation. Further, they waited over three years after the decree of adoption was entered to file their petition for grandparent visitation. Under the circumstances, we find no abuse of discretion by the trial court.

## *Conclusion*

[12] For the foregoing reasons, we affirm the order of the trial court dismissing Grandparents' petition for grandparent visitation.

[13] Affirmed.

Bailey, J., and Crone, J., concur.