**In re the Paternity of J.W.L., a Minor Child, by her next best friend, J.L.M., Appellant–Petitioner,**

v.

**A.J.P., JR., Appellee–Respondent.**

No. 49A05–9711–JV–460.

Court of Appeals of Indiana.

March 31, 1998.

Roberta L. Ross, Ross & Brunner, Indianapolis, for Appellant–Petitioner.

Gale Phelps, Michael Cheerva, Phelps & Fara, Indianapolis, for Appellee–Respondent.

## OPINION

HOFFMAN, Judge.

Appellant-petitioner J.W.L. (Child), by her next best friend, J.L.M. (Mother), brings this interlocutory appeal from the trial court's denial of Child's request for DNA blood testing.

The facts as found by our supreme court in *In re Paternity of J.W.L.*, 682 N.E.2d 519, 520 (Ind.1997) are as follows:

> In the case, [M]other gave birth to a child, J.W.L., while married to husband. In 198[4], approximately one year after J.W.L. was born, [M]other and husband divorced in a Florida court. Mother claimed that J.W.L. was a child of the marriage. In its final judgment, the Florida court noted that J.W.L. was 'the parties' minor child,' and granted custody to [M]other. The divorcing husband was ordered to pay child support.

> In 1995, [M]other, as next friend of J.W.L., filed this paternity action in Marion Superior Court to establish paternity in another man, A.J.P. The trial court dismissed the petition on the basis that the Florida determination that J.W.L. was a child of the marriage was entitled to Full Faith and Credit and that res judicata barred relitigation on the issue of paternity.

> The Court of Appeals reversed the trial court and held that J.W.L. would not be estopped from bringing a paternity action. *J.W.L. by J.L.M. v. A.J.P.*, 672 N.E.2d 966 (Ind.Ct.App.1996).

Our supreme court granted transfer and summarily affirmed the Court of Appeals opinion. *J.W.L. v. A.J.P.*, 683 N.E.2d 596 (Ind.1997).

On August 15, 1997, Child filed a motion requesting the trial court to stay all hearings and discovery until DNA paternity blood testing was performed. After taking the request under advisement, the trial court denied Child's request and set the matter for a two-day hearing to determine whether the blood tests are in Child's best interests.

Child then filed a petition for a nunc pro tunc order certifying the trial court's denial of the request. In an amended nunc pro tunc order, the trial court certified the question for the purpose of immediate appeal.

On appeal, the issue presented is whether the trial court erred in denying Child's request for DNA blood testing.

IND.CODE § 31–6–6.1–8(a) [1] requires that "[u]pon the motion of any party, the court shall order all parties to the action to undergo blood testing...." As Child correctly points out in her brief, the use of the word "shall" indicates that the trial court has no discretion in deciding to order the tests. *See Cooper v. Cooper*, 608 N.E.2d 1386, 1388 (Ind.Ct.App.1993).

The facts of the instant case disclose that when Mother's marriage was dissolved in 1984, she alleged in her dissolution petition that J.W.L. was a child born of the marriage. Eleven years later, Child, by her next best friend, Mother, filed a petition to establish paternity in another man, A.J.P. Given the facts of the case, the trial court determined that a "best interests" hearing should be held.

◼ It appears that the trial court is attempting to use a "best interests" standard in determining whether it should grant Child's request for a DNA blood test. However, in Indiana our legislature has made it clear that the trial court has no discretion in ordering a blood test. Once a blood test is requested pursuant to a valid paternity proceeding, the request must be granted.

◼ As found in *J.W.L. By J.L.M.*, 672 N.E.2d at 967–68, *aff'd by J.W.L.*, 683 N.E.2d 596, Child was not precluded from bringing the present paternity action. Because Child is a proper party to this action, her filing of the motion for DNA blood testing requires that the trial court order all the parties to the action to undergo blood testing. IND. CODE § 31–6–6.1–8(a). We, therefore, find that the trial court erred in denying Child's request for blood testing. Accordingly, this

---

1. IND.CODE § 31–6–6.1–8(a) was repealed, modified, and recodified as IND.CODE § 31–14–6–1 (1997 Burns Repl.).

case is reversed and remanded with instructions to the trial court to grant Child's request for the DNA blood test.

Reversed and remanded.

GARRARD and DARDEN, JJ., concur.