**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 15 2013, 5:35 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**STEVEN LYNN**
Plainfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE PATERNITY OF C.H.: | ) |
| | ) |
| S.L., | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | )    No. 64A04-1304-JP-198 |
| | ) |
| K.H., | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE PORTER CIRCUIT COURT
The Honorable Mary R. Harper, Judge
The Honorable Gwenn R. Rinkenberger, Magistrate
Cause No. 64C01-1002-JP-188

**August 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

C.H. was born to K.H. ("Mother") in June of 2008. At the time of C.H.'s birth, Mother was married to R.H. In 2010, Appellant-Petitioner S.L. ("Putative Father") filed a timely paternity action claiming to be C.H.'s biological father. While this paternity action was pending, in unrelated divorce proceedings between Mother and R.H., the dissolution court found that C.H. was a child born of Mother's marriage to R.H. In light of the dissolution court's determination that C.H. was a child born of Mother's marriage to R.H., the trial court dismissed Putative Father's paternity action with prejudice. On appeal, Putative Father contends that the trial court erred in dismissing his paternity action. We agree. Accordingly, we reverse and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The facts, as provided in Putative Father's brief and the limited court documents submitted on appeal, demonstrate that C.H. was born on June 17, 2008. At the time of C.H.'s birth, Mother was married to R.H. On February 11, 2010, Putative Father filed a petition seeking to establish paternity of C.H. In this petition, Putative Father stated that he and Mother had been involved in an intermittent sexual relationship since April of 2003, including a time in 2007 when Mother was allegedly separated from R.H. Putative Father also stated that in October of 2007, Mother informed him that she was pregnant and claimed that the child was a result of their sexual relationship. On February 26, 2010, the trial court dismissed Putative Father's paternity action. However, on April 23, 2010, the trial court reopened the matter.

At some point, Mother and R.H. initiated divorce proceedings. On February 11, 2011, the trial court found that there was a pending divorce matter in front of the dissolution court involving Mother and R.H., and that as a result, it was unable to establish paternity. Putative Father filed a request for DNA testing on November 27, 2012. On December 20, 2012, the dissolution court issued a decree of dissolution, dissolving Mother and R.H.'s marriage. In this dissolution decree, the dissolution court found that C.H. was "born of the marriage." Appellant's App. p. 7. On March 22, 2013, citing to the dissolution decree, the trial court entered an order denying Putative Father's request for DNA testing and dismissing Putative Father's paternity action with prejudice. This appeal follows.

## DISCUSSION AND DECISION

Initially, we note that Mother did not file an appellee's brief in the instant appellate proceedings.

> When an appellee fails to file a brief, we apply a less stringent standard of review. *McKinney v. McKinney*, 820 N.E.2d 682, 685 (Ind. Ct. App. 2005). We are under no obligation to undertake the burden of developing an argument for the appellee. *Id.* We may, therefore, reverse the trial court if the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.*

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006).

Father contends that the trial court erred in dismissing his petition to establish paternity of C.H. with prejudice. Specifically, Father argues that the trial court erroneously found that Putative Father was not entitled to pursue paternity proceedings and undergo DNA testing in light of the divorce court's determination that C.H. was a child born of Mother's marriage to R.H. We agree.

3

In the instant matter, the trial court dismissed Putative Father's paternity action after the dissolution court found C.H. to be a child born of Mother's marriage to R.H. The Indiana Supreme Court has recognized that while "[s]tability in legally-established relationships between parents and children is of paramount importance to the welfare of the children … there is a substantial public policy in correctly identifying parents and their offspring." *In re Paternity of S.R.I.*, 602 N.E.2d 1014, 1016 (Ind. 1992). Indiana Code section 31-14-4-1 provides that a paternity action may be filed by a man alleging that he is a child's biological father. As the Indiana Supreme Court has recognized, this provision makes no reference to the marital status of the mother. Ind. Code § 31-14-4-1; *In re Paternity of S.R.I.*, 602 N.E.2d at 1016. As such, a putative father may establish paternity without regard to the mother's marital status at the time the child was born, so long as the petition is timely filed. *In re Paternity of S.R.I.*, 602 N.E.2d at 1016. Here, the record demonstrates that Putative Father's petition was timely filed.

Generally, a putative father not named as a party to the dissolution of the marriage of a mother and the presumed father is not precluded by a dissolution court's determination as to whether a child is a child of the marriage from filing a separate action to establish paternity. *Id*. at 1016-17. In *Russell v. Russell*, 682 N.E.2d 513, 518 (Ind. 1997), the Indiana Supreme Court articulated one exception to this rule, that being when the issue of paternity is fully litigated during the divorce proceedings and the dissolution court makes its determination as to whether the child is or is not a child of the marriage after following the appropriate procedures for making paternity determinations, including considering evidence that is based

upon and consistent with the results of blood or genetic testing. *See also In re Paternity of J.W.L.*, 682 N.E.2d 519, 521 (Ind. 1997). In this case, it does not appear from the record provided on appeal, that the dissolution court fully litigated the issue of C.H.'s paternity. As such, its conclusion that C.H. was a child born of Mother's marriage to R.H. did not preclude Putative Father from pursuing the underlying paternity action.

Moreover, Indiana Code section 31-14-6-1 provides that "[u]pon the motion of any party, the court *shall* order all of the parties to a paternity action to undergo blood or genetic testing." (Emphasis added). In *Paternity of J.W.L. by J.L.M. v. A.J.P., Jr.*, 693 N.E.2d 959, 960 (Ind. 1998), the Indiana Supreme Court has held that by using the word "shall," the legislature "has made it clear that the trial court has no discretion in ordering a blood test." "Once a blood test is requested pursuant to a valid paternity proceeding, the request must be granted." *Id.* Here, Putative Father filed a request for DNA testing on November 27, 2012. The clear language of Indiana Code section 31-14-6-1 and the Indiana Supreme Court's opinion in *In Paternity of J.W.L.*, make it clear that the trial court erred in denying this request.

In sum, we conclude that the dissolution court's determination that C.H. was a child born of Mother's marriage to R.H. did not preclude Putative Father from pursuing the underlying paternity action. We also conclude that the trial court erred in denying Putative Father's request for DNA testing. As such, we reverse the order of the trial court and remand for further proceedings consistent with this memorandum decision.

The judgment of the trial court is reversed and the matter remanded to the trial court

for further proceedings.

RILEY, J., and BROWN, J., concur.